[Cite as *Houtz v. Houtz*, 2018-Ohio-1738.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY


Christine M. Houtz, Administratrix of
the Estate of Susan Marie Clowtis

       Appellee

v.

Christine M. Houtz, et al.

       Defendant

[PHH Mortgage Corporation—Appellant]

and

Mathew T. Crane, Administrator of
the Estate of Leon Anthony Clowtis

       Appellee

v.

Christine M. Houtz, et al.

       Defendant

[PHH Mortgage Corporation—Appellant]

Court of Appeals No. H-17-007

Trial Court No. LS 2016 00003


Court of Appeals No. H-17-008

Trial Court No. LS 2016 00005


**DECISION AND JUDGMENT**

Decided: May 4, 2018


* * * * *

Jeffrey S. Ream and Sheree L. Studer, for appellee Christine M. Houtz, Administratrix of the Estate of Susan Marie Clowtis.

Paul D. Dolce, for appellee Mathew T. Crane, Administrator of the Estate of Leon Anthony Clowtis.

Adam J. Turer, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, PHH Mortgage Corporation, appeals the June 12 and July 18, 2017 judgments of the Huron County Court of Common Pleas, Probate Division, denying its motions to intervene. For the reasons that follow, we affirm.

### Assignments of Error

{¶ 2} Appellant sets forth the following assignment of error:

1. Appellant argues that the trial court erred when it found Appellant PHH Mortgage Corporation was not entitled to post-judgment intervention under Civ.R 24(A).

### Background

{¶ 3} Susan and Leon Clowtis died in December 2015, leaving behind real property ("the property") located at 1518 Settlement Rd., Norwalk, Ohio 44857.

{¶ 4} At that time, the property was encumbered by two mortgages. The first mortgage instrument was recorded in October 2012, and listed as lender was KeyBank National Association, with an address of 1 Mortgage Way, Mount Laurel, New Jersey

2.

08054.  Also listed in this first mortgage instrument was Mortgage Electronic Registration Systems, Inc. ("MERS"), as mortgagee.

{¶ 5} The second mortgage instrument was recorded in June 2015.  This mortgage instrument was not made part of the record.  However, a "judicial report," issued based on an examination of the record title by First American Title Insurance Company, reveals that the second mortgage was issued to KeyBank National Association, 4910 Tiedeman Rd., Suite C, Brooklyn, Ohio 44144.

{¶ 6} On June 22, 2016, a complaint to sell real estate was filed in case No. LS 16 00003, by Christine Houtz, the administrator of the estate of Susan Clowtis.  On July 5, 2016, virtually the same complaint was filed in case No. LS 16 00005, by Mathew Crane, the administrator for the estate of Leon Clowtis.  These complaints sought authorization to sell the property, as both Susan and Leon had a half-interest in the property.

{¶ 7} Additionally, both complaints had instructions for the clerk to serve KeyBank at its Mount Laurel, New Jersey and Brooklyn, Ohio addresses.  The deputy clerk certified and provided proof the complaints were served at both KeyBank locations.  MERS was not served with the complaints.

{¶ 8} On September 1, 2016, Christine Houtz as administrator in case No. LS 16 00003 filed for default judgment against KeyBank.  The court granted default judgment against KeyBank on September 2, 2016.

3.

{¶ 9} Mathew Crane, as administrator in case No. LS 16 00005, also filed for default judgment against KeyBank on September 16, 2016. The court granted the default judgment on September 26, 2016.

{¶ 10} KeyBank answered both complaints on September 6, 2016. Although the trial court had already granted default judgment in case No. LS 16 00003, KeyBank and Houtz submitted a joint motion to withdraw the default judgment as to the second mortgage on October 3, 2016. The court granted the motion and withdrew the default judgment as to the second mortgage only on October 4, 2016.

{¶ 11} KeyBank assigned its interest in the first mortgage to appellant, PHH Mortgage Corporation, on October 13, 2016.

{¶ 12} Appellant filed for foreclosure on the first mortgage in the Huron County Court of Common Pleas, General Division, on December 1, 2016, but voluntarily dismissed the action on December 30, 2016. Appellant claims it dismissed the action because it "discovered that the property was within the jurisdiction of the probate court[.]"

{¶ 13} Appellant then filed motions to intervene and answers to both complaints in the probate court. More specifically, appellant filed its answer in case No. LS 16 00003 on March 7, 2017, and in case No. LS 16 00005 on June 1, 2017.

{¶ 14} In its motions to intervene and answers, appellant claimed it had an interest in the first mortgage. Attached to the motions were the mortgage and assignment.

4.

{¶ 15} Hearings on the motions were held, and the court denied appellant's intervention in both cases.  Although the judgment entry denying intervention from case No. LS 16 00003 was journalized a month prior to that of case No. LS 16 00005, both entries reflect the same ruling and rationale.  Specifically, the entries both state as follows:

> The Court finds that when KeyBank assigned its interest in the First Mortgage to PHH Mortgage, that interest had already been disposed of by the default judgment entered against KeyBank.  Even if KeyBank effectively assigned to PHH an interest in filing a motion to vacate the default judgment, PHH's delay in filing its Motion to Intervene in this case was also inexcusable.  The Court therefore finds that PHH is not entitled to intervention under either Civ.R. 24(A) or Civ.R. 24(B).

{¶ 16} The entry of case No. LS 16 00003 was journalized on June 12, 2017, and that of No. LS 16 00005 was journalized on July 18, 2017.  Appellant timely appealed both cases, and the appeal was consolidated for purposes of addressing the assigned error.

## Standard of Review

{¶ 17} A ruling on a motion to intervene under Civ.R. 24(A) is reviewed under an abuse of discretion standard.  *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41.  An abuse of discretion is found only when it is determined that a trial court's attitude in reaching its judgment was

unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## Legal Analysis

{¶ 18} In its assigned error, appellant claims the trial court acted inconsistent with Civ.R. 24(A)(2) in denying its motions to intervene. Appellee claims appellant failed to meet the elements of Civ.R. 24(A)(2), and thus that the court properly denied the intervention.

{¶ 19} Civ.R. 24(A) provides:

(A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*See*, *e.g.*, *Velocity Dev., LLC v. Perrysburg Twp. Bd. of Trustees*, 6th Dist. Wood No. WD-11-037, 2011-Ohio-6192, ¶ 12-15.

{¶ 20} In order to intervene under Civ.R. 24(A)(2) the motion must be (1) timely, and the following factors must be shown: (2) the intervenor's interest relates to the subject of the action, (3) the disposition of the action will, as a practical matter, impair or

6.

impede the intervenor's ability to protect its interest, and (4) the intervenor must demonstrate that its interest is not adequately represented by the existing parties. *Fairview Gen. Hosp. v. Fletcher*, 69 Ohio App.3d 827, 830-831, 591 N.E.2d 1312 (10th Dist.1990).

**{¶ 21}** "Failure of the party seeking to intervene to satisfy each of the requirements will result in a denial of the motion." *Velocity Dev., LLC* at ¶ 15, citing *Fletcher* at 831.

**{¶ 22}** Here, we find the trial court did not err in denying appellant's intervention because appellant failed to meet the necessary elements for purposes of Civ.R. 24(A).

### (1) Timeliness

**{¶ 23}** We first consider the following factors in determining timeliness: the point to which the suit progressed; the purpose of the intervention; the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; the prejudice to the original parties due to the proposed intervenor's failure to apply promptly for intervention; and, the existence of unusual circumstances militating against or in favor of intervention. *First Natl. Bank of Bellevue v. NE Port Invests., LLC*, 6th Dist. Ottawa No. OT-13-024, 2014-Ohio-1760, ¶ 10, citing *Triax Co. v. TRW, Inc.*, 724 F.2d 1224 (6th Cir.1984).

**{¶ 24}** In this case, the trial court stated appellant's delays in filing its motions to intervene were "inexcusable." We cannot say the trial court abused its discretion where appellant acquired its interest in the subject property in October 2016, which was more

7.

than six months before it filed for intervention in March and June 2017. Appellant concedes in its appellate brief that it had actual knowledge of the case as early as December 2016. Even assuming appellant moved for intervention within three months of being apprised of the case, we cannot say the trial court abused its discretion in denying appellant's motion.

{¶ 25} Although this alone is ground to affirm the trial court judgments, we proceed and address the remaining elements of Civ.R. 24(A)(2).

### (2) Intervenor's Interest

{¶ 26} Default judgment rendered by the probate court against a party may extinguish the party's interest in the subject property. *See*, *e.g.*, *Kormanik v. Haley*, 10th Dist. Franklin No. 12AP-18, 2012-Ohio-5975, ¶ 42. Consequently, the party would no longer be "in the proper position to assert a claim or seek judicial enforcement of a duty or right." *Id.* at ¶ 41. "The burden is on [the party] to establish it has a present interest in the subject matter of the litigation and that [it] has been prejudiced." (Inner quotations omitted.) *Id.*

{¶ 27} Here, the trial court found appellant did not have standing to intervene because the October 13, 2016 assignment of the first mortgage was null and void. More specifically, the trial court stated that appellant's interest "had already been disposed of by the default judgment entered against KeyBank." Thus the rationale was that KeyBank no longer had an interest to convey when appellant was assigned the first mortgage. We cannot say the trial court abused its discretion.

8.

**(3) Ability to Protect Interest and (4) Whether Adequately Represented**

{¶ 28} R.C. 2127.12 provides that the following "shall be made parties defendant" in "an action by an executor or administrator to obtain authority to sell real property[:]"

(A) The surviving spouse;

(B) The heirs, devisees, or persons entitled to the next estate of inheritance from the decedent in the real property and having an interest in it, but their spouses need not be made parties defendant;

(C) All mortgagees and other lienholders whose claims affect the real property or any part of it;

(D) If the interest subject to sale is equitable, all persons holding legal title to the interest or any part of it, and those who are entitled to the purchase money for it, other than creditors;

(E) If a fraudulent transfer is sought to be set aside, all persons holding or claiming under the transfer;

(F) All other persons having an interest in the real property.

*See* R.C. 2127.12 (A)-(F).

{¶ 29} Here, appellant argues it was not able to protect its interest before default judgment was granted in September 2016, as it was not a party to the probate proceedings and did not acquire its interest in the first mortgage until October 2016.

{¶ 30} Although we, like the trial court, find appellant did not have a valid interest, we nevertheless address the arguments as if appellant maintained a valid interest.

9.

{¶ 31} Appellant concedes KeyBank held the interest and was properly served as a party in the proceedings. Accordingly, because KeyBank was properly served, had ample opportunity to protect the first mortgage, and was holder of that interest before default judgment was granted, we find that any interest appellant would have, albeit through its predecessor, was adequately represented in the proceedings.

{¶ 32} Appellant further argues MERS was a necessary party and was not served and, as a result, appellant was deprived of the opportunity to protect its interest. We, nevertheless, find MERS was not a holder of an interest that would affect the real property or any part of it. MERS was nominated and appointed by KeyBank, and the record reflects KeyBank received notice and filed answers to the complaints in an effort to protect its interest. Consequently, we cannot say MERS not being served with the complaints rendered appellant unable to protect its interest.

{¶ 33} In sum, we find the trial court did not abuse its discretion, and appellant's assignment of error is not well-taken.

## Conclusion

{¶ 34} The June 12 and July 18, 2017 judgments of the Huron County Court of Common Pleas, Probate Division are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.