[Cite as *State v. Thomas*, 2021-Ohio-151.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No. L-19-1108

      Appellee                                               Trial Court No. CI0201801393

v.

Delano Thomas, et al.

      Defendants                                         **DECISION AND JUDGMENT**

[Taron Banks—Appellant]                            Decided:  January 22, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Jerome Phillips and Michael H. Stahl, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common

Pleas which denied the motion to intervene by non-party appellant, Taron Banks.  For the

reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} On February 6, 2018, plaintiff-appellee, state of Ohio filed a complaint for civil forfeiture against defendants Delano Thomas, Tamika Banks, and Santander Consumer USA, Inc. Appellee alleged that Mr. Thomas and Ms. Banks used or derived certain personal property, identified as $152,553 in U.S. currency and a 2009 Pontiac G6 automobile with vehicle identification No. 1G2ZG57B19412299, in the commission of felony drug offenses in violation of R.C. 2981.05. Appellee published the complaint in the Toledo Blade newspaper on February 13 and 20, 2018. Santander Consumer admitted in its answer to financing Mr. Thomas' purchase of the automobile. Mr. Thomas and Ms. Banks generally denied the allegations and asserted various affirmative defenses, and Ms. Banks answered that Mr. Thomas owned the automobile.

{¶ 3} On May 2, 2018, a Lucas County Grand Jury indicted Mr. Thomas on Count 1, trafficking in cocaine, a third-degree felony violation of R.C. 2925.02(A)(2) and (C)(4)(c); Count 2, possession of cocaine, a fourth-degree felony violation of R.C. 2925.11(A) and (C)(4)(b); Count 3, having weapons while under disability, a third-degree felony violation of R.C. 2923.13(A)(3) and (B); and Count 4, possessing criminal tools, a fifth-degree felony violation of R.C. 2923.24(A) and (C). The Lucas County Grand Jury simultaneously indicted Ms. Banks on Count 5, permitting drug abuse, a fifth-degree felony violation of R.C. 2925.13(B), (C)(1) and (C)(3). Appellee alleged that Mr. Thomas and Ms. Banks lived together with their children in Toledo, and pursuant to the execution of a search warrant on January 31, 2018, Toledo police found and seized

2.

cocaine, drug paraphernalia, the automobile used in drug trafficking and cash totaling $152,553. The cash was hidden in shopping bags "stashed in the basement rafters."

{¶ 4} On May 14, appellee moved the trial court to transfer the civil forfeiture case to the pending criminal case pursuant to Civ.R. 42(A). Appellee stated the cases involve the same individuals and stem from the same underlying criminal offense. As journalized on May 23, the trial court ordered the civil case transferred to and consolidated with the criminal case. The trial court on its own initiative then dismissed the civil case without prejudice.[1]

{¶ 5} On October 1, the trial court held a change of plea hearing, and Mr. Thomas pled no contest to Count 1, as amended, and Count 4. Appellee notified the trial court that as part of the plea resolution with Mr. Thomas, Counts 2 and 3 against Mr. Thomas and Count 5 against Ms. Banks were dismissed pursuant to nolle prosequi without prejudice. At the hearing Mr. Thomas and Ms. Banks both disclaimed in writing any interest in the $152,553 in cash seized by the Toledo police. Mr. Thomas did so in the

---

[1] We note the potential procedural quagmire created by the trial court in dismissing the forfeiture proceedings, sua sponte, prior to adjudicating that separate matter in the consolidated proceedings. Despite the consolidation of the criminal proceedings with the civil forfeiture proceedings, this dismissal ended the forfeiture case. After consolidation, each case retains its original identity, as the matters are not merged into a single case. *See Transcon Builders, Inc., v. City of Lorain*, 49 Ohio App.2d 145, 359 N.E.2d 715 (9th Dist.1976), at the syllabus; *see also* Lucas County Gen.R. 5.02(A) and (B) (referencing consolidated proceedings, and requiring transfer of a civil forfeiture case to the judge presiding over a related criminal proceeding, with no provision for "merger" of the two, separate cases that are consolidated). As a practical matter, once the trial court dismissed the forfeiture proceeding, there was no longer a pending matter in which to intervene.

3.

plea agreement and, again, by his attorney signing a consent judgment entry for the forfeiture proceedings. Ms. Banks also disclaimed her interest in the forfeiture consent judgment entry, and on the record by her attorney. The trial court accepted the plea agreement and found Mr. Thomas guilty of Count 1, as amended, and Count 4.

{¶ 6} At the October 1 hearing Ms. Banks' attorney stated the following to the trial court prior to the court's acceptance of the plea agreement: "There is a third party claiming the funds. I have notified the Prosecutor, and I will provide her with the documentation. Although there is a forfeiture it is my understanding the Prosecutor is going to hold that until * * * the third party makes his claims for those funds and certain jewelry [seized but not subject to forfeiture]." Appellant was not identified in the record as the third-party claimant.

{¶ 7} At the point in the October 1 hearing when the plea agreement was executed, the trial court stated in the record:

Court: All right. Ms. Lambdin, all the documents you need for your forfeiture case as [it] relates to these two Defendants is taken care of, correct?

Ms. Lambdin: It is. Thank you, Judge.

Court: Thank you. Mr. Thomas, I have in front of me the plea form, no contest to Count 1 amended as well as Count 4. It appears signed by

Delano Thomas on the front as well as the back. Sir, are these your two

signatures?

Defendant: Yes.

{¶ 8} The next mention in the record of the forfeiture proceedings was at Mr.

Thomas' November 28 sentencing hearing, for which the trial court's sentencing entry

was journalized on December 4.

Court: Also the order of forfeiture as agreed to on the back of the

plea form is ordered enforced. Has there been a forfeiture consent signed

on that?

Ms. Roman: Correct, Your Honor.

Court: That also has already been forfeited.

{¶ 9} Then on January 24, 2019, nearly four months after the parties agreed in the

record to the forfeiture of the seized cash, Mr. Banks filed a motion to intervene, which

appellee opposed as time-barred. Mr. Banks, the brother of Ms. Banks, requested the

trial court "authorize him to intervene in the pending forfeiture action so that he can

establish his rightful claim for the property involved." Mr. Banks alleged that on

October 1, 2018, his attorney wrote a letter to appellee, and "[i]ncluded with that letter

were certain documents that provided information to establish the claim of Mr. Banks."

After the parties briefed the motion to the court, the trial court denied Mr. Banks' motion

to intervene.

5.

{¶ 10} In response, Mr. Banks filed this appeal setting forth two assignments of error:

I. The trial court erred when it denied Taron Banks the opportunity to intervene in an ongoing criminal forfeiture action on procedural grounds where Banks claimed ownership of the property and attempted to intervene pursuant to O.R.C. 2981.03(A)(4).

II. The final forfeiture order, journalized after this appeal was filed, which was made after the court denied a third party claimant the right to intervene, and was made in a proceeding that failed to conform to the procedural requirements of either O.R.C. 2981.04 or 2981.05 is void.

{¶ 11} We will only address appellant's first assignment of error. "A nonparty who seeks intervention under Civ.R. 24 and is denied intervention may appeal only the issue of intervention." *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas, Juvenile Div.*, 147 Ohio St.3d 432, 2016-Ohio-1519, 67 N.E.3d 728, ¶ 28, citing *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 18. We find appellant's second assignment of error impermissibly ventures beyond the motion to intervene, and is not well-taken.

### I. Standard of Review

{¶ 12} Appellate review of a trial court's decision on a motion to intervene is for an abuse of discretion, regardless of whether the Civ.R. 24 intervention sought was as of right or by permission. *State ex rel. Merrill v. Ohio Dept. of Nat. Resources*, 130 Ohio

6.

St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41. Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 13} "We construe Civ.R. 24 liberally to permit intervention." *Merrill* at ¶ 41. Nevertheless, we will not reverse the trial court's findings of fact absent an abuse of discretion, nor will we make a finding of fact the trial court should have made nor extract a finding where no such finding was made. *In re Guardianship of Rudy*, 65 Ohio St.3d 394, 396, 604 N.E.2d 736 (1992).

## II. Intervention as of Right

{¶ 14} Intervention as of right is pursuant to Civ.R. 24(A)(2), which states:

> Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

{¶ 15} This court has determined a successful applicant for intervention must prevail on each of four elements, *Houtz v. Houtz*, 2018-Ohio-1738, 111 N.E.3d 888, ¶ 21 (6th Dist.):

> In order to intervene under Civ.R. 24(A)(2) the motion must be (1) timely, and the following factors must be shown: (2) the intervenor's interest relates to the subject of the action, (3) the disposition of the action will, as a practical matter, impair or impede the intervenor's ability to protect its interest, and (4) the intervenor must demonstrate that its interest is not adequately represented by the existing parties.

*Id.* at ¶ 20.

{¶ 16} In support of his first assignment of error, Mr. Banks argues he has a right to intervene pursuant to R.C. 2981.03(A)(4) and 2981.05(G). Mr. Banks argues he "made his claim to the forfeited property at the same time that the criminal defendants in the case disclaimed any interest in the property and prior to any judgment of forfeiture issued by the court." Mr. Banks argues appellee "improperly" combined the civil forfeiture case with the criminal case and failed to comply with the procedural requirements of R.C. 2981.05(D)(2) and 2981.04(A)(2). Mr. Banks further argues the trial court improperly relied on R.C. 2981.03(D)(2) to find the motion to intervene was untimely.

> Taron Banks sought nothing more than to be heard as to his claim to the property subject to the action. He did so in a criminal proceeding, in which he was not a charged party, and pursuant to a statute to which the Rule of Lenity, incorporated into the revised code in section 2901.04 applies. The trial court's ruling that Mr. Banks is procedurally barred from

8.

intervening in the action to forfeit property he claims to own is not supported by the letter or spirit of the forfeiture statutes and is inconsistent with a just disposition of the property.

{¶ 17} We review a trial court's decision on the timeliness of a motion to intervene for an abuse of discretion. *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503, 696 N.E.2d 1058 (1998). Timeliness is determined on the facts and circumstances of the case and upon consideration of the following factors:

> "(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention."

*Id.*, quoting *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir.1984); *Fantozz v. Cordle*, 6th Dist. Erie No. E-14-130, 2015-Ohio-4057, ¶ 17.

{¶ 18} The record shows that Mr. Banks filed his motion to intervene nearly four months after the forfeiture agreement was signed by the parties to Mr. Thomas' plea agreement. The plea agreement was journalized on October 1. Mr. Banks was never identified in the record as the alleged interested third party until his motion to intervene.

9.

Mr. Banks provided no explanation for the delay of his motion, only that his intervention "will not prejudice the State in putting forth its procedural claims in this matter." Rather, he merely recites that appellee rejected his claim as being untimely.

{¶ 19} The trial court's order found Mr. Banks' motion to be untimely under both the criminal and civil forfeiture statutes, R.C. 2981.04 and 2981.05, respectively. The trial court also concluded, Mr. Banks "is free to file a claim for the release of the seized money pursuant to the Rules of Civil Procedure in accordance with R.C. 2981.05(G)." We find Mr. Banks' motion was untimely, but for reasons separate from the civil and criminal forfeiture statutes.

{¶ 20} "R.C. 2981 et seq. governs both civil and criminal forfeitures in Ohio with regard to contraband, proceeds, and criminal instrumentalities." *State v. Glanton*, 6th Dist. Wood No. WD-18-091, 2020-Ohio-834, ¶ 14. When law enforcement seizes property subject to forfeiture pursuant to R.C. 2981.03(A)(2), the "state then acquires provisional title and retains the property until a final adjudication can occur by means of either a criminal forfeiture specification (R.C. 2981.04) or a civil forfeiture petition (R.C. 2981.05)." *Id.*, citing R.C. 2981.03(A)(1). "When property is forfeited through a plea agreement, the forfeiture is 'not "effectuated by operation of the statutory provisions governing forfeiture of contraband, but rather by the parties' agreement."'" (Citations omitted.) *Id.* at ¶ 15.

{¶ 21} We reviewed the record in this case and find that the plea agreement accepted by the trial court at the October 1, 2018 hearing clearly states, "Defendant has

10.

agreed to forfeit $152,553.00 that was seized at the time of the arrest."  Ms. Banks

disclaimed any interest in the cash on the record on October 1, and the plea agreement

reflects the agreement with appellee that, "State of Ohio requests a nolle prosequi as to

* * * Count 5 as to Ms. Tamika Banks."  Also at the October 1 hearing, the attorneys for

Mr. Thomas, Ms. Banks, and appellee signed a consent judgment entry specifying, again,

their agreement to conclude the forfeiture of the disputed cash:

> The Court is advised that an agreement for forfeiture has been
>
> reached between the parties, whereby seized funds in the amount of
>
> $152,553.00 shall be disposed as if contraband and awarded to the State of
>
> Ohio.  By stipulation of the parties, the Court finds that the sum of
>
> $152,553.00 seized from Delano Thomas and Tamika Banks on January 31,
>
> 2018 may be disposed of as if contraband and forfeited by designated
>
> percentage to the entities listed below: Toledo, Ohio Department Police
>
> Operations Law Enforcement Trust Fund 70%; Lucas County, Ohio
>
> Prosecutor Law Enforcement Trust Fund 30%.  It is further ORDERED that
>
> the funds ($152,553.00) shall be placed on deposit with the Lucas County
>
> Clerk of Courts, who shall distribute the funds as indicated above.

{¶ 22} The consent judgment entry was journalized on June 13, 2019.  Between

October 1, 2018, and June 13, 2019, we find Mr. Banks did little to support his claim of

intervention even though the forfeiture of the seized cash was agreed by all parties on

11.

October 1, deemed "enforced" by the trial court on November 28, and formally entered in the court's journal on June 13, 2019.

{¶ 23} Mr. Banks was not identified in the record as the third party claiming ownership of the $152,553 stuffed in the basement rafters of a home that was not his residence until his January 24, 2019 motion to intervene in the criminal case into which the civil case was transferred and consolidated. Mr. Banks' motion alleges he sent correspondence to appellee after the October 1 hearing along with evidence to sustain his ownership claim, but that evidence is not in the record before us. App.R. 9(A).

{¶ 24} The trial court reviewed the factors identified in R.C. 2981.05(F) and (G) and 2981.03(D) and determined that "[Mr. Banks] did not file a petition or make known his interest in the seized property until long after the expiration of the thirty days [of the filing of a complaint, an indictment, or information in the forfeiture action or, if no complaint, indictment or information is filed, within thirty days of the seizure of the property]." The trial court further evaluated the factors in Civ.R. 24 as well as "the delay between the time of the seizure and the filing of the motion, the amount of money involved, and the sibling relationship between [Mr. Banks] and the Defendant Tamika Banks." The trial court found that appellee had complied with the necessary notice requirements under the forfeiture statutes.

{¶ 25} Although the forfeiture statutes do not govern the forfeiture process in this matter's plea agreement, the basic concepts of notice and reasonableness reveal that Mr. Banks unreasonably waited nearly four months to intervene into the pending litigation

12.

after he knew on October 1, 2018, that the forfeiture to appellee of the contraband property would proceed by agreement of the parties.

{¶ 26} We find Mr. Banks' motion to intervene was untimely in light of the forfeiture agreement, his awareness of this litigation and the forfeiture proceedings on October 1, 2018, the lack of evidence in the record of his ownership of the seized cash to support intervention, and the prejudice to the parties posed by his intervention attempts to reverse the final resolution of the forfeited cash. Given our determination on the first element of intervention, it is unnecessary for us to review the remaining elements. For all of the foregoing reasons, we find the trial court did not abuse its discretion, and the trial court's attitude was not unreasonable, arbitrary or unconscionable, when it denied Mr. Banks' motion to intervene as of right.

### III. Permissive Intervention

{¶ 27} Intervention by permission is pursuant to Civ.R. 24(B), which states:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

{¶ 28} Although unclear, to the extent that Mr. Banks seeks permissive intervention in support of his first assignment of error, he also fails. The trial court

13.

considered the foregoing factors and found that Mr. Banks' motion to intervene "was not timely filed, a requirement under Civ.R. 24 pertaining to intervention of right and permissive intervention."

{¶ 29} "In exercising its discretion, the court 'shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *State ex rel. Greene Cty. Bd. of Commrs. v. O'Diam*, 156 Ohio St.3d 458, 2019-Ohio-1676, 129 N.E.3d 393, ¶ 10. Having previously considered under rightful intervention the factors of undue delay and prejudice to the rights of the original parties, we find those factors are still present when considering permissive intervention. In support of his motion to intervene, Mr. Banks simply argues, "Allowing [him] to intervene will not prejudice the State in putting forth its procedural claims in this matter." Mr. Banks does not provide any evidence upon which this court can determine trial court abuse of discretion.

{¶ 30} We reviewed the record and find the trial court did not abuse its discretion, and the trial court's attitude was not unreasonable, arbitrary or unconscionable, when it denied Mr. Banks' motion to permissively intervene.

{¶ 31} Mr. Banks' first assignment of error is not well-taken.

{¶ 32} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Mr. Banks is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                        JUDGE

Thomas J. Osowik, J.          

Gene A. Zmuda, P.J.          _____
CONCUR.                              JUDGE

                                        _____
                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.