[Cite as *State v. Gregory*, 2024-Ohio-5526.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-23-1263
                                                                     L-23-1264
            Appellee

                                                 Trial Court No.  CR0201903063
                                                                  CR0202001023
v.

Laron Gregory                                    **DECISION AND JUDGMENT**

            Appellant                            Decided: November 22, 2024

* * * * *

Julia R. Bates, Lucas Count Prosecuting Attorney, and
Kevin A. Pituch, and Elaine B. Szuch, Assistant
Prosecuting Attorneys, for appellee.

Laron Gregory, pro se.

* * * * *

{¶ 1} This is a consolidated appeal from two judgments journalized on October 30, 2023, by the Lucas County Court of Common Pleas, General Division, which denied defendant-appellant, Laron A. Gregory's,[1] two postconviction motions to return property seized in relation to appellant's criminal convictions. Plaintiff-appellee, state of Ohio,

---

[1] Appellant is sometimes in the record as Leron Allen Gregory.

opposed appellant's motions. For the reasons set forth below, these appeals are dismissed for lack of jurisdiction.

**{¶ 2}** Appellant argues three assignments of error:

1.  The trial court erred denying motions for return of property. The retention of property and vehicle seized during inventory search of Appellant vehicle was neither unclaimed nor forfeited. The property should have been returned and the trial court erred to Appellant's detriment by improperly applying local rule to conflict with controlling Civil rules, R.C., controlling case law and Fourteenth Amendment's due process clause.

2.  Trial court abused its discretion on April 12 & 28, 2022 judgment denying Appellant's multiple affidavits, motions and demands for jury trial. Trial court abuse (sic.) discretion by stating Appellate counsel was responsible for Appellants (sic.) pro se motions/filings concerning property that was not part of criminal indictment. Appellate court failed finding no error on Appellants (sic.) 26(B) assignment of error seven because Appellant argued Appellant counsel was ineffective for not including Appellants (sic.) property in appeal brief that the State sought to forfeit and appellate counsel ineffectiveness amounted to at least cumulative error. The previous and continuous delay of the return of Appellant's property is not justified and parties should be held responsible for storage fees[,] wear and tear[,] and the value owed if loss or damage occurred to Appellant's property that could have been resolved at jury trial or a conditional return prior to delay. This is also a Fourteenth Amendment due process clause violation. Appellant (sic.) conviction is not a final appealable order because jury did not decide forfeiture.

3.  The prosecutors[,] court[,] and officers created malicious prosecution, and/or abuse of process, and/or sham legal process, and/or fraud upon the court seeking forfeiture of property that was consolidated to criminal case but failed to properly incorporate the property in the indictment timely (sic.) as a forfeiture specification as required by Ohio state law and Fourteenth Amendment's due process clause.

2.

## I. Background

{¶ 3} Appellant's postconviction motions to return property arose from ten jury verdicts on May 7, 2021, convicting him of drug-related offenses in case Nos. CR-19-3063 and CR-20-1023, which the trial court joined for trial purposes. The trial court subsequently sentenced appellant to a total imprisonment term of 17 years, of which 12 years are mandatory. Appellant requested, and received, appointed counsel to represent him on appeal. On February 3, 2023, this court affirmed appellant's convictions and sentences. *State v. Gregory*, 2023-Ohio-331 (6th Dist.), *appeals not allowed,* 2023-Ohio-1830 and 2023-Ohio-2407, *reconsideration denied,* 2023-Ohio-3169, *appeals not allowed,* 2023-Ohio-3169 and 2024-Ohio-2576, and *reconsideration denied,* 2024-Ohio-4501.

{¶ 4} The facts discussed in this appeal will be limited to the property seized by police incident to appellant's arrests in case Nos. CR-19-3063 and CR-20-1023 and the related civil forfeiture proceedings.

### A. Case No. CR-19-3063

{¶ 5} In criminal case No. CR-19-3063, appellant's six convictions for possession of, and trafficking in, heroin, cocaine, and marijuana were for offenses that occurred on October 8, 2019, in Toledo, Lucas County, Ohio. *Id.* at ¶ 4-5. Incident to appellant's arrest that day, Toledo police found and seized $887.00 in United States Currency and a 2009 Mitsubishi Galant with VIN 4A3AB36F69E012758. *See Id.* at ¶ 46-47.

3.

{¶ 6} The seized property was subject to a civil forfeiture action, case No. CI-19-4618, filed by appellee on December 3, 2019, pursuant to R.C. 2981.05. On the case designation sheet appellee stated, "This case is a civil forfeiture case with a criminal case currently pending. The pending criminal case number is CR19-3063, assigned to Judge Gary G. Cook." As journalized on December 26, and pursuant to Lucas C.P., Gen.Div., Loc.R. 5.02(B)(2)[2] and Civ.R. 42(A),[3] the judge assigned to case No. CI-19-4618 procedurally transferred that civil forfeiture case to Judge Cook, who was assigned to case No. CR-19-3063. Concurrent with the transfer, case No. CI-19-4618 was consolidated with case No. CR-19-3063. In addition, Judge Cook sua sponte dismissed without prejudice case No. CI-19-4618. The costs associated with case No. CI-19-4618 were waived, and any remaining costs were transferred to case No. CR-19-3063. Appellant did not object to the foregoing process.

---

[2] Local Rule 5.02(B)(2), effective February 1, 2019 through December 21, 2020, states: "2) Civil Forfeiture in excess of $15,000: Pursuant to O.R.C. 2981.05(D)(1), when a civil forfeiture is sought for an amount in excess of $15,000, the prosecutor need not wait for an indictment, and may commence a civil forfeiture action at any time, requesting an order that property involved in a criminal offense subject to forfeiture under [R.C. 2981.02] shall be forfeited to the state. If the prosecutor determines its civil forfeiture action relates to a pending criminal case, the prosecutor shall seek to transfer its case to the judge assigned to preside over the criminal case. The request to transfer shall be indicated by the prosecutor on the case designation sheet, by including the pending criminal case number and the judge to whom it is assigned, and by filing two (2) original motions to transfer and consolidate, bearing both the civil and criminal case numbers, with the criminal department of the Clerk of Court's office."
[3] Civ.R. 42(A)(1) states, "If actions before the court involve a common question of law or fact, the court may: (a) join for hearing or trial any or all matters at issue in the actions; (b) consolidate the actions; or (c) issue any other orders to avoid unnecessary cost or delay."

4.

**{¶ 7}** Despite a stay[4] and being represented by counsel, on August 30, appellant filed in CR-19-3063, a pro se[5] motion to return unidentified "vehicles, cash, jewelry, clothes and other property" seized by Toledo police during his arrest on October 8, 2018. Appellee opposed the motion. On November 24, appellant filed a pro se "Notice of Abandon" of his August 30 motion to return property.

**{¶ 8}** Then on March 2, 2022, appellant filed pro se in CR-19-3063, an answer, and an amended answer, to the case No. CI-19-4618 civil forfeiture complaint, in which he denied every allegation and demanded a jury trial. On April 28,[6] the trial court denied appellant's pro se answer and amended answer, among other pro se filings, as prohibited hybrid representation while represented by counsel, citing *State v. Tenace*, 2006-Ohio-2987, ¶ 10.

**{¶ 9}** Meanwhile, on March 23, 2022, appellee requested an extension of the civil forfeiture stay in CR-19-3063 until resolution of appellate case No. L-21-1007.[7] The trial

---

[4] On June 17, 2021, appellee requested a 120-day stay of the related civil forfeiture proceedings pursuant to R.C. 2981.05(C), which the trial court granted on June 29, 2021.

[5] Although on May 25, 2021, the trial court appointed him appellate counsel, appellant continued to file postconviction pleadings pro se.

[6] Despite his second assignment of error seeking to, again, appeal the April 28 judgment, appellant's prior appeal attempts all failed. On May 17, 2022, appellant appealed the trial court's decision, assigned case No. L-22-1117. This court dismissed that appeal on June 14, 2022, for lack of jurisdiction. Then on June 16, 2022, appellant filed a motion to file a delayed appeal in the dismissed case No. L-22-1117, which this court denied on August 29, 2022.

[7] After appellant was convicted and sentenced in case No. CR-19-3063, he filed a pro se notice of appeal on June 1, 2021, which his appellate counsel amended on June 25. That appeal was assigned case No. L-21-1007.

5.

court granted the motion on April 12.[8] This court's determination of appellate case No. case No. L-21-1007 was decided on February 3, 2023. *Gregory*, 2023-Ohio-331, at ¶ 139 (6th Dist.).[9]

{¶ 10} After this court's February 3, 2023 decision, on March 15, appellant filed in CR-19-3063, a pro se motion entitled, "Renewal of Motion to Return Property" in which he argued for the "return of any and all property associated with case CR-19-3063 that was used as evidence and was not used as evidence, or no longer needed as evidence." Appellant requested return of unidentified "car, cash, cell phones, jewelry, electronics, clothes and documents that were in defendant (sic.) possession or inside of car at the time" Appellee opposed the motion. The trial court denied appellant's motion, as journalized on October 30, 2023, because appellant had not yet completed his sentence in case No. CR-19-3063, as required by Lucas C.P., Gen.Div., Loc.R. 1.08(C).[10]

---

[8] Appellant did not file a notice of appeal for the April 12 judgment, and the doctrine of res judicata and App.R. 3(D) and 4(A) bar him from doing so now in his second assignment of error.

[9] Despite the stay until February 3, 2023, appellant continued to file pro se pleadings in CR-19-3063. On August 15, 2022, appellant filed pro se a pleading entitled "Motion to Return Illegally Seized Property" in which he demanded the return of his 2009 Mitsubishi Galant and waiver of all storage fees. Then on October 24, 2022, appellant filed pro se a pleading entitled "Motion to dismiss/ motion for summary judgment against State of Ohio attempt to forfeit Mitsubishi Galant and $887 consolidated to CR-19-3063 from G-4801-CI-0201904618-000 on Dec. 17, 2019." Appellee opposed the motion, and on November 17, the trial court denied appellant's motion because appellate case No. L-21-1007 remained pending and the stay of the civil forfeiture proceedings remained in effect.

[10] The local rule states, in part, "Destruction of criminal exhibits will be requested from the judge assigned to a case, after review and recommendation by the prosecutor, according to the following schedule: . . In [non-capital] criminal cases, after the full sentence has been served."

6.

## B. Case No. CR-20-1023

{¶ 11} In criminal case No. CR-20-1023, appellant's four convictions for possession of, and trafficking in, cocaine and aggravated possession of, and trafficking in, drugs were for offenses occurring on November 28, 2019, in Toledo, Lucas County, Ohio. *Gregory* at ¶ 10. Appellant consented to a police search of his vehicle, and incident to appellant's arrest that day, Toledo police found and seized a 2005 Cadillac CTS with VIN 1G6DP567150151647 and $4,745.00 in United States currency. *See id.* at ¶ 10 and ¶ 127. The seized property was subject to separate civil forfeiture actions, case Nos. CI-20-1088 and CI-21-3309.

### 1. Case No. CI-20-1088

{¶ 12} On January 9, 2020, assigned case No. CI-20-1088, appellee filed a complaint in civil forfeiture pursuant to R.C. Chapter 2981.05 against appellant for the seized $4,745.00. On the case designation sheet for case No. CI-20-1088, appellee stated, "This case is a civil forfeiture case with a criminal case currently pending. The pending criminal case number is CR20-1023, assigned to Judge Gary G. Cook."

{¶ 13} As journalized on January 21, 2020, and pursuant to Lucas C.P., Gen.Div., Loc.R. 5.02(B)(2) and Civ.R. 42(A), the trial court judge assigned to case No. CI-20-1088 procedurally transferred that civil forfeiture case to Judge Cook, who was assigned to case No. CR-20-1023. Concurrent with the transfer, case No. CI-20-1088 was consolidated with case No. CR-20-1023. In addition, Judge Cook sua sponte dismissed without prejudice case No. CI-20-1088. The costs associated with case No. CI-20-1088

7.

were waived, and any remaining costs were transferred to case No. CR-20-1023. Appellant did not object to the foregoing process.

{¶ 14} Despite an identical 120-day stay to that in CR-19-3063, and despite being represented by counsel, on August 30, 2021, appellant filed pro se in CR-20-1023, and then abandoned on November 24, a motion to return property seized by Toledo police during his arrest on November 28, 2019.

{¶ 15} Then on March 2, 2022, appellant pro se filed in CR-20-1023, an answer, and an amended answer, to the case No. CI-20-1088 civil forfeiture complaint in which he denied every allegation and demanded a jury trial. On April 28,[11] the trial court denied appellant's pro se answer and amended answer, among other pro se filings, as prohibited hybrid representation while represented by counsel.

{¶ 16} Appellee previously requested in CR-20-1023, an extension of the civil forfeiture stay until resolution of appellate case No. L-21-1006.[12] The trial court granted the motion on April 12, 2022.[13] This court's determination of appellate case No. L-21-1006 was decided on February 3, 2023.

---

[11] Despite his second assignment of error seeking to, again, appeal the April 28 judgment, appellant's prior appeal attempts all failed. On May 17, 2022, appellant appealed the trial court's decision, assigned case No. L-22-1118. This court dismissed that appeal on June 14, 2022, for lack of jurisdiction. Then on June 16, 2022, appellant filed in dismissed case No. L-22-1118 a motion to file a delayed appeal, which this court denied on August 29, 2022.

[12] After appellant was convicted and sentenced in case No. CR-20-1023, he filed a pro se notice of appeal on June 1, 2021, which his appellate counsel amended on June 25, 2021. That appeal was assigned case No. L-21-1006.

[13] Appellant did not file a notice of appeal for the April 12 judgment. *See* footnote 8.

8.

## 2. Case No. CI-21-3309

{¶ 17} Meanwhile, on October 20, 2021, assigned case No. CI-21-3309, appellee filed a complaint in civil forfeiture pursuant to R.C. Chapter 2981.05 against appellant for the 2005 Cadillac CTS because appellant used that vehicle in the criminal activity related to the trafficking counts in case No. CR-20-1023. However, appellee's case designation sheet for case No. CI-21-3309 did not identify case No. CR-20-1023 as being a related case.

{¶ 18} On November 10, 2021, appellant filed a pro se motion to strike the civil forfeiture complaint for "lack of proper service." Appellee opposed the motion, arguing that the "summons [for the complaint] has not yet been returned as undeliverable." Nevertheless, on February 7, 2022, appellee served the complaint on appellant at his then-current incarceration address. Shortly thereafter, on February 24, appellant filed his pro se answer to the case No. CI-21-3309 civil forfeiture complaint in which he denied every allegation and "demanded a jury trial for [the] 2005 Cadillac." On April 12, the trial court denied appellant's motion to strike and found that appellant's February 24 answer to the civil forfeiture complaint "indicat[es] that he has received service of the complaint."

{¶ 19} Separately, on December 3, 2021, appellee filed a motion to transfer case No. CI-21-3309 to case No. CR-20-1023 for consolidation pursuant to Civ.R. 42(A) because the civil forfeiture "case involves the same individual and stems from the same underlying criminal offense." As journalized on December 17, the trial court judge

9.

assigned case No. CI-21-3309 granted the motion and transferred the civil case to the docket of Judge Cook and case No. CR-20-1023 pursuant to Lucas C.P., Gen.Div., Loc.R. 5.02(C).[14] Judge Cook signed the related civil forfeiture case transfer order, which states, "It is therefore ORDERED, that this matter shall be transferred as a related matter and reactivated on to the civil docket of Judge GARY G. COOK. It is further ORDERED that the 'Motion to Strike Complaint for Civil Forfeiture' filed by pro se Defendant, LARON GREGORY, on November 10, 2021 is now under the advisement of Judge Gary G. Cook." (Emphasis sic.) Appellant did not object to the foregoing process.

{¶ 20} As journalized in CI-21-3309, on May 13 and August 5, 2022, the trial court stayed all civil forfeiture proceedings "until resolution of Defendant's current appeal of the companion case No. CR-20-1023." This court decided case No. L-21-1006 on February 3, 2023.[15]

{¶ 21} After this court's decision affirming appellant's convictions in case Nos. L-21-1006 and L-21-1007, on March 15, 2023, appellant filed in CR-20-1023, a pro se motion entitled, "Renewal of Motion to Return Property," which was substantially identical to his motion in case No. CR-19-3063. Appellee opposed the motion. The trial court denied appellant's motion, as journalized on October 30, 2023, on the grounds that

---

[14] This appears to be a scrivener error, as that local rule, effective February 1, 2019 through December 21, 2020, addresses the reassignment of a case from a disqualified judge.

[15] Despite the stay until February 3, 2023, on August 15, 2022, appellant filed in CR-20-1023, a pro se pleading entitled "Motion to Return Illegally Seized Property" in which he demanded the return of his 2005 Cadillac CTS and waiver of all storage fees.

10.

appellant had not yet completed his sentence in case No. CR-20-1023, as required by Lucas C.P., Gen.Div., Loc.R. 1.08(C).

{¶ 22} On November 14, 2023, appellant filed his pro se appeal of the trial court's decision in case No. CR-19-3063, which was assigned case No. L-23-1263, and of the trial court's decision in case No. CR-20-1023, which was assigned case No. L-23-1264. On April 1, 2024, this court consolidated case Nos. L-23-1263 and L-23-1264 into L-23-1263 pursuant to App.R. 3(B).

## II. Civil Forfeiture Proceedings

{¶ 23} Civil and criminal forfeiture proceedings are governed by different statutes. "R.C. 2981 et seq. governs both civil and criminal forfeitures in Ohio with regard to contraband, proceeds, and criminal instrumentalities." *State v. Glanton*, 2020-Ohio-834, ¶ 14 (6th Dist.). When law enforcement seizes property subject to forfeiture pursuant to R.C. 2981.03(A)(2), the "state then acquires provisional title and retains the property until a final adjudication can occur by means of either a criminal forfeiture specification (R.C. 2981.04) or a civil forfeiture petition (R.C. 2981.05)". *Id.*, citing R.C. 2981.03(A)(1).

{¶ 24} By his admission in his first assignment of error, appellant acknowledges appellee commenced civil forfeiture proceedings, not criminal forfeiture proceedings. Appellee may elect either the criminal forfeiture process, under R.C. 2981.04, or the civil forfeiture process, under R.C. 2981.05. *State v. Holloway*, 2021-Ohio-1843, ¶ 17 (6th Dist.). Appellant waived his right to complain about the type of forfeiture process

11.

appellee chose to pursue, and the trial court's subsequent consolidation of the civil forfeiture proceedings with the related criminal cases, because he did not object. *State v. Pitts*, 2023-Ohio-2005, ¶ 41-44 (6th Dist.), *appeal not allowed,* 2023-Ohio-3670. The doctrine of res judicata bars such waived arguments where this court already affirmed his convictions and sentences on direct appeal. *Id.* at ¶ 45; *see State v. Blanton*, 2022-Ohio-3985, ¶ 30.

{¶ 25} To the extent the doctrine of res judicata does not bar aspects of the appeals before us, we lack jurisdiction to grant appellant the relief appellant seeks.

{¶ 26} In support of appellant's first assignment of error, appellant argues the trial court erred when its October 30, 2023 journalized judgments relied on Lucas C.P., Gen.Div., Loc.R. 1.08(C) rather than on Lucas C.P., Gen.Div., Loc.R. 4.06(B) and R.C. 2981.11 to R.C. 2981.13. Appellant self-describes the seized property as "held without proper forfeiture specification that is not contraband and eligible for return to owner." Appellant declares that Lucas C.P., Gen.Div., Loc.R. 1.08(C) conflicts with the foregoing rules and statutes simply by describing the seized property as no longer needed by law enforcement as evidence or for another lawful purpose. Appellant further declares that Lucas C.P., Gen.Div., Loc.R. 1.08(C) conflicts with Civ.R. 83(A)[16] and Sup.R. 5(A)[17] by

---

[16] Civ.R. 83(A): "A court may adopt local rules of practice which shall not be inconsistent with these rules or with other rules promulgated by the Supreme Court[.]"
[17] Sup.R. 5(A): "Nothing in these rules prevents a court or a division of a court from adopting any local rule of practice that promotes the use of any device or procedure to facilitate the expeditious disposition of cases. Local rules of practice shall not be inconsistent with rules promulgated by the Supreme Court."

12.

simply labeling the local rule as "inconsistent" with the Supreme Court's rule. Appellant concludes he is entitled to the "return of property and compensation for cost, for storage, wear and tear, loss of value, fees and fines charged to the proper party or parties associated with responsibility for holding the property [because] there is nothing in Ohio law or U.S. Supreme [C]ourt case law and [the] U.S. [C]onstitution that prevents the return of property prior to the completion of [the] prison sentence unless [it's] subject to destruction."

{¶ 27} Appellee initially responds that this court lacks jurisdiction under Ohio Const. art. IV, § 3(B)(2). The judgments being appealed are not final and appealable orders under R.C. 2505.02(B) and Civ.R. 54(B)[18] because they were not issued from a "special proceeding," as defined by R.C. 2505.02(A)(2), and do not affect a "substantial right," as defined by R.C. 2505.02(A)(1). The mere existence of or implication of a substantial right does not transform the trial court's judgments into final and appealable orders, particularly where no immediate appeal is necessary to effectively protect the right. *Crown Services, Inc. v. Miami Valley Paper Tube Co.*, 2020-Ohio-4409, ¶ 15. Rather, the trial court's judgments were "provisional remedies" defined at R.C. 2505.02(A)(3) and issued in "the still-pending (but stayed) civil forfeiture proceedings . . . once his nearly-completed criminal proceedings have concluded," at which time "the

_____

[18] Civ.R. 54(B): "In the absence of. . . any order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

13.

Common Pleas Court will address and resolve Gregory's claims to the property seized by the State."

{¶ 28} Alternatively, if the trial court's decision is considered final and appealable, appellee argues the trial court did not abuse its discretion when it denied appellant's motion because Sup.R. 26(F) permits retaining the property under certain conditions. Appellee further argues Sup.R. 26(G) permits a local rule, such as Lucas C.P., Gen.Div., Loc.R. 1.08(C), "to extend the retention schedule for records beyond that required by the Ohio Supreme Court." Appellee argued that not only has appellant not yet served his full sentence in CR-19-3063 and CR-20-1023, but he also has a pending appeal before this court.[19] After the stay is lifted at the conclusion of those appeals, appellee intends to resume pursuit of the civil forfeiture proceedings.

### A. Trial Court Jurisdiction

{¶ 29} The preliminary issue for this court to address is whether the post-consolidation dismissal of case Nos. CI-19-4618 and CI-20-1088 clearly deprived the trial court with jurisdiction over the related civil forfeiture proceedings. *Banks v. Toledo*, 2023-Ohio-1906, ¶ 35-37 (6th Dist.). We find that the record before us indicates otherwise.

---

[19] The trial court denied appellant's various pro se postconviction petitions to vacate his criminal convictions and sentences. On June 27, 2024, this court consolidated case No. L-23-1259, appealing an October 18, 2023 trial court decision in case No. CR-19-3063, with case No. L-23-1260, appealing an October 18, 2023 trial court decision in case No. CR-20-1023. Those appeals are pending.

14.

{¶ 30} A court of common pleas is a court of general jurisdiction with subject matter jurisdiction determined without regard to the rights of the individual parties involved in a particular case. *Holloway*, 2021-Ohio-1843, at ¶ 10 (6th Dist.). This court has previously held that, in a similar situation of civil-forfeiture-case-dismissed-post-consolidation-with-criminal-case, "the trial court does not patently and unambiguously lack jurisdiction over the [civil] forfeiture matter." *State ex rel. Acosta v. Mandros*, 2022-Ohio-4256, ¶ 24 (6th Dist.); *State ex rel. Bates v. Court of Appeals for the Sixth Appellate Dist.*, 2011-Ohio-5456, ¶ 12 (only a lower court that patently and unambiguously lacks jurisdiction is prevented from future exercise of such jurisdiction).

{¶ 31} Like in this appeal, appellant sought, after consolidation, to file answers to each of the three civil forfeiture matters. *Acosta* at ¶ 24. It is notable that civil forfeiture case No. CI-21-3309 was never dismissed after its transfer to the docket of case No. CR-20-1023 and that case Nos. CI-19-4618 and CI-20-1088 were dismissed without prejudice after consolidation into the related criminal cases. "The forfeiture action has since proceeded apace in the criminal proceedings. Through the court's actions, we find that the trial court has clearly determined that it has jurisdiction over the forfeiture issue in this case." *Id.* at fn. 2, citing *State v. Thomas*, 2021-Ohio-151, ¶ 4 (6th Dist.), fn. 1. Here, the civil forfeitures have also proceeded apace with the criminal proceedings, including each civil forfeiture proceeding being stayed during the pendency of the criminal appeals as required by R.C. 2981.05(C) and R.C. 2981.05(D)(2) and while serving his sentence as required by Lucas C.P., Gen.Div., Loc.R. 1.08(C). The results are

15.

that the criminal dockets in case Nos. CR-19-3063 and CR-20-1023 demonstrate the trial court's unmistakable intent to incorporate the civil forfeiture proceedings into those criminal dockets and that appellant failed to object to those processes. *Pitts*, 2023-Ohio-2005, at ¶ 42 (6th Dist.).

{¶ 32} It is also clear that despite appellant's claims that the "unlawfully" seized property is neither unclaimed nor forfeited, meaning that he, not law enforcement, has the right to possession, he has failed to initiate a civil action in replevin. *Holloway*, 2021-Ohio-1843, at ¶ 12 (6th Dist.). Appellant's motions that are the subjects of these appeals are not civil actions in replevin. *Id.* at ¶ 13-14.

{¶ 33} For the foregoing reasons, we find the trial court had the requisite jurisdiction to determine the October 30, 2023 journalized judgments in case Nos. CR-19-3063 and CR-20-1023.

### B. Appellate Court Jurisdiction

{¶ 34} The secondary issue for this court to address is why we lack jurisdiction over the trial court's October 30 journalized judgments because they are not final and appealable orders. Where the trial court's judgments are not final and appealable under Ohio Const. art. IV, § 3(B)(2) and R.C. 2505.02(B), then this court has no jurisdiction to consider them on appeal and we must dismiss them. *State ex rel. Bates*, 2011-Ohio-5456, at ¶ 17; *Mill Creek Metropolitan Park Dist. Bd. of Commrs. v. Less*, 2023-Ohio-2332, ¶ 8 ("if a trial court's order is not final and appealable, the appellate court must dismiss the appeal because it lacks jurisdiction"). There are several reasons to dismiss this appeal.

16.

{¶ 35} First, under Civ.R. 54(B), appellee's claims for civil forfeiture relief remain pending. Appellee pursued three civil forfeiture actions for the seized property: case Nos. CI-19-4618, CI-20-1088, and CI-21-3309. All three civil forfeiture cases were transferred to, and consolidated with, the dockets of the related criminal proceedings: case No. CI-19-4618 to CR-19-3063, CI-20-1088 to CR-20-1023, and CI-21-3309 to CR-20-1023. After consolidation, the trial court sua sponte dismissed, without prejudice, two of the three civil forfeiture proceedings: case Nos. CI-19-4618 and CI-20-1088. Case No. CI-21-3309 has not been dismissed. Also after consolidation, in criminal case Nos. CR-19-3063 and CR-20-1023, the trial court repeatedly addressed the civil forfeiture proceedings to stay them until the direct appeals were decided by this court. Once we affirmed appellant's convictions and sentences, and appellant filed his motions, the trial court then decided them provisionally while appellant serves his sentences in case Nos. CR-19-3063 and CR-20-1023.

{¶ 36} Appellant acknowledges that Lucas C.P., Gen.Div., Loc.R. 1.08(C) authorizes law enforcement's retention of criminal exhibits from his trials until "after the full sentence has been served." Sup.R. 26(A) states the intent of Sup.R. 26 and 26.01 to 26.05 to provide courts minimum standards for the maintenance, preservation, and destruction of records. In turn, Sup.R. 26(G) authorizes a local rule, such as Lucas C.P., Gen.Div., Loc.R. 1.08(C), to "extend, but not limit, the retention schedule for any record listed in Sup.R. 26.01 to 26.05." Contrary to appellant's arguments, pointing to Civ.R.

17.

83(A) and Sup.R. 5(A) support the conclusion that Lucas C.P., Gen.Div., Loc.R. 1.08(C) is consistent with Sup.R. 26(G), which is a rule promulgated by the Supreme Court.

{¶ 37} Second, it is undisputed that appellant is a convicted drug trafficker and that the seized property is subject to forfeiture under R.C. 2981.02. What appellant disputes is appellee's election of the civil forfeiture processes, to which he did not timely object, and the stays in effect until appellant services his full sentences for his ten criminal convictions. Under R.C. 2981.03(A)(1), law enforcement, not appellant, lawfully has provisional title to, and possession of, the seized property until a final adjudication by means of the pending civil forfeiture processes. Contrary to appellant's declaration that no state or federal law prevents the return of the seized property right now, more importantly, appellant does not point to, and we do not find, any right for him to possess property seized and held by law enforcement while incarcerated and prior to the final adjudication of the pending civil forfeiture matters. *State v. Conn*, 2015-Ohio-2468, ¶ 19 (12th Dist.) (Piper, P.J., concurrence), citing *Bates*.

{¶ 38} Third, the trial court's judgments did not deny appellant a meaningful or effective remedy where the civil forfeiture matters were stayed until appellant served his sentences in full. *State ex rel. Bates*, 2011-Ohio-5456, at ¶ 31-32 (an order denying a provisional remedy is not a final, appealable order where the order does not determine the action to prevent eventual judgment in favor of appellant, and appellant is not deprived of meaningful or effective relief). The trial court is not precluded from addressing appellant's demands for the return of the seized property after he has fully served his

18.

sentences, and the full extent of appellant's rights in the seized property were not determined by the trial court's judgments. *Conn* at ¶ 13, citing R.C. 2505.02(B)(2).

{¶ 39} For the foregoing reasons, these appeals are dismissed for lack of jurisdiction.

### III. Conclusion

{¶ 40} In consideration whereof, the appeals of the October 30, 2023 journalized judgments in case Nos. CR-19-3063 and CR-20-1023 are dismissed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Appeals dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                        _____

                                                                      JUDGE

Christine E. Mayle, J.           

Myron C. Duhart, J.                                  _____
CONCUR.                                                                        JUDGE

                                                                      _____
                                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.