TRANSCON BUILDERS, INC., APPELLANT, *v.* CITY OF LORAIN
ET AL., APPELLEES.

(No. 2372—Decided April 28, 1976.)

*Mr. Leonard A. Wolkov,* for appellant.
*Mr. John J. Hritsko,* for appellees.

VICTOR, P. J. This appeal is from the trial court's order granting defendants motion to dismiss. Plaintiff Transcon Builders, Inc., the appellant, is a corporation engaged in the construction and development of real property. Beginning in 1972, plaintiff began a two phase residential construction project. Phrase I consisted of the construction of 92 homes, together with the construction (at plaintiff's expense) of all storm and sanitary sewers and related improvements within the subdivision. The proposed Phase II contemplates the construction of an additional 162 homes.

In anticipation of constructing Phase II, plaintiff began the construction of the required storm and sanitary sewers for Phase II on July 23, 1973. Plaintiff expended $154,782 for the installation of this system. All of the improvements were completed and accepted by defendant on January 21, 1974.

On September 17, 1973, the city council of the city of

Lorain passed Ordinance 209-73. This ordinance codified certain rules and regulations relating to sanitary sewage and sewage treatment. These codified rules and regulations provide in pertinent part:

"913.300. *Sanitary Sewage System Capacity Charge.*

"A fee shall be paid at the time an applicant applies for a sewer permit at the City Engineer's office for sanitary sewerage capacity charge. Such fees shall be deposited in the Sewer Revenue Fund for Tap-in Fees and shall be as follows:

"A. Single family dwelling—Two Hundred Dollars ($200.00). * * *

"913.303 *No Waiver Of Permit Fees.*

"The sewer tap-in fee shall be charged to all lots and lands and shall not be waived. * * *

"913.305 *Capital Improvement Fee.*

"(a) The Director of Public Service shall levy a capital improvement fee of One Hundred and Fifty Dollars ($150.00) on each domestic, industrial or commercial tap at the time the applicant for such connection applies therefor, at the office of the City Engineer. * * * "

As a result of the enactment of these rules and regulations, plaintiff is obligated to expend an additional $56,700 for sewerage service if it desires building permits for the 162 homes to be built in the Phase II subdivision. Plaintiff did not have to pay a tap-in fee or a capital improvement fee to obtain building permits for the houses built in Phase I and felt that these new assessments were unreasonable.

Consequently, plaintiff sought relief from the recently passed rules and regulations. Its initial step was to appeal to the city of Lorain Water, Sewer and Water Pollution Control Appeal Board, which had been established pursuant to Ordinance 209-73.

After determining that it had the authority to hear the appeal, the appeal board heard testimony and subsequently denied the appeal. Plaintiff then filed a notice of appeal in the Court of Common Pleas of Lorain County, pursuant to R. C. 2506.01 et seq., on June 24, 1974.

On July 4, 1974, plaintiff filed a separate complaint in the trial court. In this complaint against the city of Lorain, the Director of Public Service of the city of Lorain, the City Engineer of the city of Lorain and the Attorney General of Ohio (who chose not to participate), plaintiff contended that codified Ordinances 913.300 and 913.305 are "unreasonable and in violation of the equal protection clause of the Constitution as applied to TransCon Builders, Inc." Plaintiff then asked the court to declare these ordinances unconstitutional as to plaintiff; to grant plaintiff a permanent injunction against defendants (enjoining them from collecting the tap-in fee and capital improvement fee); and to cause defendant to return all such fees already paid in by plaintiff (although plaintiff's prayer for relief is more extensive, the foregoing satisfactorily summarizes plaintiff's request).

Upon a joint motion of plaintiff and defendants, the trial court consolidated the administrative appeal and plaintiff's subsequent action, since they involved the same issues. On the same day the cases were ordered to be consolidated, the trial court also issued a preliminary injunction in favor of defendants. The court ordered that plaintiff deposit the tap-in fee and capital improvement fee with the city of Lorain for each lot upon which a building permit is sought. The city was instructed to place these fees in a separate fund to be held by the city subject to the final determination of the matter.

Thereafter, defendants filed a motion to dismiss, pursuant to Civ. R. 12(B)(1) and (6). Defendants maintained that plaintiff was not seeking a declaratory judgment, pursuant to R. C. 2721.01 et seq., but was attempting to recover taxes and assessments, pursuant to R. C. 2723.01 et seq. They argue that plaintiff did not follow the proper procedures to perfect this action and that the statute of limitation had run prior to plaintiff instituting this action. The trial court sustained defendants' motion and dismissed this action. Plaintiff appeals from this determination.

Plaintiff's assignment of error is:

"The decision of the Court of Common Pleas to grant

Appellees' Motion to Dismiss Appellant's Declaratory Judgment Action was contrary to law and fact.''

To establish this error, plaintiff sets forth four arguments which state:

"I. A declaratory judgment action is well recognized as being proper to challenge the validity of a city ordinance (City of Lorain Ordinance No. 209-73, Sections 913.300 and 913.305).

"II. Appellant followed the proper appellate procedures from the decision of the Lorain Water, Sewer and Water Pollution Appeals Board.

"III. Ordinance No. 209-73 as applied to appellant is unfair, unreasonable, arbitrary and capricious and bears no substantial relationship to either the cost involved to the city of Lorain in providing improvements to appellant or to the benefit received by appellant from the capital improvement fee and tap-in charge.

"IV. The Court of Common Pleas of Lorain County erred when it dismissed Case No. 78383 in its entirety due to the fact that even if appellant's declaratory judgment action was improper, there was still an administrative appeal pending before the court involving the same common issues of law and fact. (Case No. 78361.)''

The first argument is well taken. R. C. 2721.03 provides:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.''

Thus, there can be no question that a declaratory judgment action is maintainable to determine the constitutionality of an ordinance. See, also, *Wilson* v. *Cincinnati* (1960), 171 Ohio St. 104.

The test for determining the propriety of a dismissal, pursuant to Civ. R. 12(B)(6), is set forth in the syllabus of *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, which states:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."

Throughout the pendency of this case, defendants have asserted the plaintiff's sole purpose in filing this action was to recover the fees already paid to the city. If this were true, plaintiff would have to file an action pursuant to R. C. Chapter 2723, not a declaratory judgment action. However, it is clear from the face of the complaint that plaintiff is seeking a declaration of the constitutionality of Sections 913.300 and 913.305, as applied to the lots for which it has not yet applied for a building permit. Under the test set forth in *O'Brien* v. *University Community Tenants Union, supra,* plaintiff's complaint adequately states a declaratory judgment action, and the trial court erred in determining otherwise.

The second and fourth arguments are considered collectively. Plaintiff contends that it perfected an administrative appeal which, although consolidated, maintained its separate identity and was improperly dismissed with the declaratory judgment action. We agree.

Defendants did not include the administrative appeal in its motion to dismiss. On its face, the administrative appeal was properly filed and the record is void of any indication why it was dismissed. Defendants argue that when the trial court consolidated the administrative appeal into the other action, the administrative appeal lost its separate identity. These two cases were consolidated pursuant to Civ. R. 42(A), which provides, in part:

"When actions involving a common question of law or fact are pending before a court, that court after a hearing may order a joint hearing or trial of any or all the matters in issue in the actions; it may order some or all the

actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Although no Ohio court has determined the effect of consolidation on the identity of a case, several federal courts have considered this issue in relation to Rule 42(a) of the Federal Rules of Civil Procedure (which contains language similar to Civ. R. 42[A]). See, Wright & Miller, 9 Federal Practice and Procedure: Civil Section 2382 (1971). These courts follow the determination made by the United States Supreme Court (prior to the enactment of the federal rules) in *Johnson* v. *Manhattan Ry. Co.* (1933), 289 U. S. 479, which stated, at 496:

"Under the statute, 28 U. S. C. §734, consolidation is permitted as a matter of convenience and economy in administration, but *does not merge the suits into a single cause,* or change the rights of the parties, or make those who are parties in one suit parties in another." (Emphasis added.)

We determine that Civ. R. 42(A) must be interpreted in a like manner. The court, therefore, erred in dismissing the administrative appeal as if it had merged into plaintiff's other action. Arguments two and four are well taken. Cf. *SMC, Inc.*, v. *Laudi* (1975), 44 Ohio App. 2d 325.

Plaintiff's third argument concerns the merits of the case. These issues were not considered by the court. and, therefore, cannot be reviewed by this court. Plaintiff's arguments concerning these matters will be heard and considered upon the remand of this action.

Accordingly, we find the court erred in dismissing plaintiff's complaint. The judgment of the court is reversed and this case is remanded for further proceedings.

*Judgment reversed.*

MAHONEY and BRENNEMAN, JJ., concur.