OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Mezerkor, Admr., Appellant, v. Mezerkor et al.; United States
Fidelity & Guaranty Company et al., Appellees.
Mezerkor, Admr., Appellee, v. Mezerkor et al.; United States
Fidelity & Guaranty Company et al., Appellants.
[Cite as Mezerkor v. Mezerkor (1994),     Ohio   St.3d    .]
Civil procedure -- Judgments -- Absence of Civ.R. 54(B)
     certification language prevents immediate appealability of
     granted summary judgments.
     (Nos. 92-1734 and 92-1763 -- Submitted February 23, 1994
-- Decided September 21, 1994.)
     Appeals from the Court of Appeals for Geauga County, No.
90-G-1560.
     These two appeals stem from the same judgment of the Court
of Appeals for Geauga County.
                      Case No. 92-1734
     On May 23, 1986, plaintiff-appellant, Dennis Mezerkor,
filed a complaint in the Cuyahoga County Court of Common Pleas
as Administrator of the Estate of Joseph Mezerkor, deceased.
In his complaint, plaintiff alleged that on October 1, 1984,
the decedent was a passenger in an automobile operated by his
wife, defendant Ruby Mezerkor, who lost control of the car as
it was traveling on Wilson Mills Road in Geauga County.  The
vehicle struck a guardrail, went down an embankment and landed
on its roof.  Decedent sustained serious injuries, which
resulted in his death on February 24, 1985.
     In plaintiff's third amended complaint filed in February
1988, it was alleged that defendants, United States Fidelity &
Guaranty Company ("USF&G") and Fidelity & Guaranty Insurance
Company ("Fidelity"), agreed to insure both decedent and Ruby
Mezerkor in a policy of automobile insurance, but that a claim
made on behalf of decedent was denied on the ground that the
policy did not provide coverage for claims by family members
against other family members.  Plaintiff requested, inter alia,
a declaratory judgment and an order compelling "defendant USF&G
and/or Fidelity to defend defendant, Ruby Mezerkor."  Plaintiff
prayed for damages in the amount of $2 million, along with
costs and attorney fees.1  The action was assigned to Judge
James McMonagle under case No. 110564.

On November 13, 1987, Fidelity filed its own declaratory judgment action in the Cuyahoga County Court of Common Pleas, alleging the same facts as plaintiff's action. This action was assigned to Judge Daniel O. Corrigan under case No. 139678. On November 23, 1987, Fidelity filed a motion to consolidate the two cases pursuant to Civ. R. 42. The grounds for consolidation were that "these litigations involve common questions of facts and/or of law, such that the interest of judicial economy and judicial expediency dictate[s] that both of these lawsuits be consolidated and proceed together." By order of Judge Corrigan on November 25, 1987, the two cases were consolidated, and thereafter proceeded before Judge McMonagle.

Subsequently, USF&G and Fidelity filed a joint motion for summary judgment, listing both case numbers. In the brief accompanying their motion, USF&G and Fidelity alleged that under Dairyland Ins. Co. v. Finch (1987), 32 Ohio St.3d 360, 513 N.E.2d 1324, intrafamily exclusions in a contract of insurance are valid in Ohio. Meanwhile, in an entry dated April 12, 1988, Judge McMonagle granted USF&G's motion to dismiss it as a misjoined party in case No. 110564.

On November 2 and November 29, 1988, in entries listing both case numbers, the trial court granted summary judgments in favor of USF&G and Fidelity. Neither judgment entry, however, stated that there was "no just reason for delay," the requisite Civ. R. 54(B) language certifying the judgment as final as to these parties.

Subsequently, the consolidated cases proceeded as to the other parties, and upon the motion of defendant Geauga County, the cases were transferred to the Geauga County Court of Common Pleas under case No. 89 P 362. Thereafter, in a judgment entry dated February 5, 1990, the Geauga County trial court granted judgment in favor of plaintiff-administrator on the grounds that "[d]efendant, Ruby Mezerkor, [had] failed to answer or otherwise defend in this action ***."

Plaintiff-administrator filed a notice of appeal on March 5, 1990, from the November 2, 1988 judgment "[g]ranting summary judgment to USF&G Ins., et al.," stating that "[s]aid judgment became final as of February 5, 1990." In a judgment entry dated December 19, 1990, the court of appeals overruled USF&G's motion to dismiss and held that it had jurisdiction over the entire case, including the summary judgments entered prior to the transfer of the cases to Geauga County.

On July 2, 1992, the court of appeals issued an opinion and judgment entry vacating its prior judgment entry of December 19, 1990, and held that it had no jurisdiction to review the issues raised in Cuyahoga County case No. 139678, the declaratory judgment action brought by Fidelity, because the appeal of that action was untimely. The appellate court stated in relevant part:

"Upon further consideration, this court now chooses to reconsider its December 19, 1990 interlocutory judgment entry overruling USF&G's motion to dismiss Case No. 139678.

"To do this we need to address the issue of this court's jurisdiction over the entry of declaratory judgment made in Cuyahoga Case No. 139678. There, summary judgment was granted in favor of Fidelity.

"'When two cases are consolidated, pursuant to Civ.R. 42(A), they are not merged into a single case but maintain their original identity. The trial court's granting of a motion to dismiss the consolidated action will not dismiss both cases unless the motion properly applies to both cases.' Transcon Bldrs., Inc. v. Lorain (1976), 49 Ohio App. 2d 145 [3 O.O.3d 196, 359 N.E.2d 715], syllabus.

"Since the cases were consolidated pursuant to Civ. R. 42(A), the cases remained separate entities. As separate entities, one could terminate before the other. When summary judgment was granted in the declaratory judgment action, Case No. 139678, that judgment independently became a final appealable order. No timely appeal was filed. Thus, the declaratory judgment in Case No. 139678, granted in favor of Fidelity, was final and cannot be part of this appeal."

Case No. 92-1763

The appellants in this appeal are USF&G and Fidelity. The court of appeals reversed the summary judgments granted in favor of USF&G and Fidelity and remanded the cause for reconsideration in light of State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, which overruled Dairyland, supra. These summary judgments had been granted by the Cuyahoga County Common Pleas Court in case No. 110564, the action brought by the plaintiff-administrator. In its opinion and judgment entry, the court of appeals noted that these judgments had not became final appealable orders until the remaining issues had been resolved in Geauga County.

The causes are now before this court pursuant to the allowance of motions to certify the record.

Michael J. Flament and Daniel J. Ryan, for administrator, appellant in case No. 92-1734 and appellee in case No. 92-1763.

Timothy P. Ristau Co., L.P.A., Timothy P. Ristau and Robert N. Stein, for USF&G and Fidelity, appellees in case No. 92-1734 and appellants in case No. 92-1763.

A. William Sweeney, J.   The instant cases present this court with the opportunity to straighten out what has developed into nothing short of a procedural morass. In order to make sense out of what took place in the courts below, we have abridged the procedural history of these cases by relating only those aspects which are germane to our resolution of these causes.

Predictably, the procedural quagmire these cases have produced has led the parties to assert a number of issues relating to consolidation and merger of cases under Civ. R. 42, whether cases retain separate identities even when consolidated, and whether a court of appeals can entertain an appeal of a case decided by a trial court from another jurisdiction. These issues may all be interesting material for a law school exam, but are not necessary to our disposition of the causes sub judice.

In any event, the determinative issue posed in these appeals is whether the summary judgments granted in favor of USF&G and Fidelity were appealable orders pursuant to Civ.R. 54.

Civ. R. 54 provides in part:

"(B) Judgment Upon Multiple Claims or Involving Multiple

Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 617 N.E.2d 1136, this court recently upheld the appealability of an order granting summary judgment as to fewer than all of the parties involved in litigation since, inter alia, the trial judge had certified the order as being appealable under Civ.R. 54(B) by stating that there was "no just reason for delay."

In the instant cause, however, the trial judge made no such certification that the orders of summary judgment were appealable, presumably because he wished to reserve the right to revise such a decision before adjudicating all the claims of all the parties involved in this litigation. In its decision below, the court of appeals noted that "[t]he previous summary judgments granted in this case [Cuyahoga County Common Pleas case No. 110564, now case No. 92-1763] in favor of Fidelity and USF&G had not been final appealable orders up to this time because of the absence of Civ.R. 54(B) language."

However, we believe that the court of appeals below erred in holding the appeal of the administrator in case No. 92-1734 (Cuyahoga County Common Pleas case No. 139678) to be untimely because the summary judgment "independently became a final appealable order." While the appellate court correctly noted the timeliness of the appeal in case No. 92-1763 based on the absence of a Civ.R. 54(B) certification order, the court apparently forgot that the absence of a Civ.R. 54(B) certification order in the consolidated cases delayed the necessity of an immediate appeal by the administrator in case No. 92-1734 as well.

While we might be tempted to digress in this matter and discuss the effect of Civ.R. 42 on the consolidation of the cases in the trial court below, the instant cases are more readily disposed of on the basis that the absence of Civ.R. 54(B) certification language prevented the immediate appealability of the summary judgments granted in favor of Fidelity and USF&G in both of the consolidated cases.

In any event, under the peculiar facts herein, justice will ultimately be served in the causes sub judice given the fact that the relevant holding in Dairyland Ins. Co. v. Finch (1987), 32 Ohio St.3d 360, 513 N.E.2d 1324, was overruled in State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, during the pendency of these actions. Thus, the rights and liabilities of the parties will now be

determined under the current state of Ohio law which disallows family exclusions in uninsured motorist insurance policies.

In addition, the argument raised by Fidelity in case No. 92-1763 that the plaintiff-administrator lacked proper standing to bring a declaratory judgment action against it without first obtaining a judgment against the tortfeasor was recently settled in plaintiff's favor in Krejci v. Prudential Prop. & Cas. Ins. Co. (1993), 66 Ohio St.3d 15, 607 N.E.2d 446.[2]

Therefore, based on all of the foregoing, we hold that in case No. 92-1734 the judgment of the court of appeals is reversed and the cause is remanded, and in case No. 92-1763, the judgment of the court of appeals is hereby affirmed.

Judgments accordingly.

Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., concurs in judgment only.

Moyer, C.J., and Wright, J., dissent.

FOOTNOTES:

1 Also named as defendants in plaintiff's third amended complaint were Geauga County, the three individual Geauga County Commissioners, the Geauga County Engineer, the Graydon Insurance Company and several unknown "John Does."

2 Our recent decision in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, may also have some bearing on the resolution of the instant causes on remand.

Wright, J., dissenting.   This case is a procedural morass (on this I agree with the majority), and for that reason a little more is involved than simply whether the summary judgments entered in favor of USF&G and Fidelity were appealable orders pursuant to Civ.R. 54.  At issue is whether the case filed by the administrator of Joseph Mezerkor's estate (case No. 110564 in the trial court) and the declaratory judgment action filed by Fidelity (case No. 139678 in the trial court) merged when the two were consolidated under Civ.R. 42. In my view, the cases did not merge but instead retained their separate identities.  Both cases, therefore, were separately appealable.  Accordingly, I believe the court of appeals was correct in holding that the appeal of case No. 139678 was untimely and that the court therefore had no jurisdiction to consider the grant of summary judgment in that case.  I do believe, however, that the court of appeals erred in not giving res judicata effect to the decision in case No. 139678.  For these reasons, I would affirm in part and reverse in part the decision of the court of appeals.

Apparently the issue of consolidation under Civ.R. 42(A) is one of first impression for this court, but other courts and commentators agree that consolidating two cases does not merge them into one.[3]  "'[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'"  (Emphasis added.)  Transcon Bldrs., Inc. v. Lorain (1976), 49 Ohio App.2d 145, 150, 3 O.O.3d 196, 199, 359 N.E.2d 715, 719, quoting Johnson v. Manhattan Ry. Co. (1933), 289 U.S. 479, 496-497, 53 S.Ct. 721, 727-728, 77 L.Ed. 1331, 1345. "Where multiple cases are consolidated for trial purposes, they are not merged -- they remain separate cases."  2 Fink, Wilson & Greenbaum, Ohio Rules of Civil Procedure With Commentary

(1992) 615.

I agree with the statements above and would hold that the consolidation of case Nos. 110564 and 139678 did not merge the two cases into one. Instead, they remained separate cases. With regard to case No. 139678 -- the declaratory judgment action filed by Fidelity -- the court of common pleas granted summary judgment in favor of Fidelity on November 29, 1988, thus ending that case on the merits. Therefore, the court in essence declared that Fidelity, not USF&G, had issued the automobile policy covering Ruby Mezerkor and that under the terms of that policy Fidelity had no duty to defend or indemnify her. The court entered summary judgment in Fidelity's favor well before the February 5, 1990 entry of final judgment in case No. 110564, the companion case filed by the administrator in which Fidelity and USF&G had been named as defendants. The administrator and Ruby Mezerkor, who were the defendants in case No. 139678, were required by App.R. 4(A) to file an appeal of that case within thirty days of the entry of the judgment. Neither defendant did so within that time, and the court of appeals was therefore correct in holding that it lacked jurisdiction to hear an appeal of that case. Thus, the matters declared in case No. 139678 are final and must be given res judicata effect.

1 Restatement of the Law 2d, Judgments (1982), addresses the effect to be given judgments in declaratory judgment actions. Section 33 provides:

"A valid and final judgment in an action brought to declare rights or other legal relations of the parties is conclusive in a subsequent action between them as to the matters declared, and, in accordance with the rules of issue preclusion, as to any issues actually litigated by them and determined in the action."

Comment b to Section 33 explains that "[i]f a declaratory judgment is valid and final, it is conclusive, with respect to the matters declared, as to all persons who are bound by the judgment. *** But in order to be bound, a person must have been an adversary of the prevailing party with respect to the matter declared." Id. at 334.

The administrator of Joseph Mezerkor's estate, as an adversary to the prevailing party in case No. 139678, is bound by the determinations made in that case. As a result, he is barred from appealing in a separate case (case No. 110564) any matters related to the coverage and enforceability of the automobile insurance policy issued to Ruby Mezerkor. Stated another way, as the prevailing party in case No. 139678, Fidelity is entitled to rely on the judgment in that case and to receive some benefit for having successfully argued its position. The court of appeals, therefore, erred in reversing the decision in case No. 110564 and remanding the cause for a reconsideration of the motion for summary judgment filed by Fidelity and USF&G.

In sum, I would affirm the decision of the court of appeals in case No. 139678 (case No. 92-1734 in the present appeal) and reverse the decision of the court of appeals in case No. 110564 (case No. 92-1763 in the present appeal). For the foregoing reasons, I respectfully dissent.

Moyer, C.J., concurs in the foregoing dissenting opinion.

FOOTNOTES:

3   If the cases had merged when they were consolidated, the majority would certainly be correct in holding that in the absence of a Civ.R. 54(B) certification order the summary judgments entered in favor of USF&G and Fidelity could not have been appealed until the remainder of the case was decided on February 5, 1990.  By holding that the absence of a certification order under Civ.R. 54(B) delayed the necessity of an immediate appeal in case No. 139678, the majority in effect decides the issue of consolidation despite its statement to the contrary.