JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On July 23, 2003, decedent Anthony J. Pesta, 22 years old, and his 19-year-old girlfriend, Megan Englehart, spent several hours with friends at the Harry Buffalo Bar and Grill. Anthony had three beers. On the way home from the bar, Megan and Anthony stopped near a public park at South Park Boulevard and Snow Road in Parma so Anthony could urinate. Anthony walked across a grassy area toward a four-foot high fence near the top of a ravine. Megan parked nearby and waited. When Anthony did not return after 30 minutes, she called the police. Anthony's body was found near daybreak the next morning at the bottom of the ravine.
 {¶ 2} Plaintiff-appellant, Ralph A. Pesta, as administrator of Anthony's estate, subsequently filed a four-count complaint against the city of Parma (the "City") and Aetna Construction Ltd. ("Aetna"). Count one alleged that the City negligently maintained the property where Anthony fell, count two alleged a survivorship claim in light of Anthony's pain and suffering prior to his death, count three sought a declaratory judgment that R.C. Chapter 2744, Ohio's Political Subdivision Tort Liability Act, is unconstitutional, and count four alleged that if discovery revealed that Anthony had actually fallen to his death on property owned by Aetna immediately adjacent to the City's property, Aetna had breached its duties of care.
 {¶ 3} In two separate orders, the trial court subsequently granted both the City's and Aetna's motions for summary judgment. The trial court held that the City *Page 4 
was immune from civil liability under R.C. Chapter 2744, and that Aetna did not own the land from which Anthony fell. Pesta now appeals; we dismiss for lack of a final appealable order.
 {¶ 4} Under the Ohio Constitution, appeals courts have jurisdiction over "final orders" of lower courts. Section 3(B)(2), Article IV, Ohio Constitution. An order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).
 {¶ 5} Under Civ.R. 54(B), "when more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims * ** only upon an express determination that there is no just reason for delay." An order which adjudicates one or more but fewer than all of the claims of a party must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. Noble v. Colwell (1989), 44 Ohio St.3d 92, syllabus. Absent the mandatory language "no just reason for delay," an order that does not dispose of all claims is not final and appealable. Id. at 96; see, also, Mezerkor v. Mezerkor, 70 Ohio St.3d 304, 307,1994-Ohio-288.
 {¶ 6} Here, the trial court did not dispose of Pesta's claim for declaratory judgment regarding the constitutionality of R.C. Chapter 2744 and there was no finding by the trial court in either entry granting summary judgment that there was "no just reason for delay." Thus, there is no final appealable order and this court lacks jurisdiction to hear this appeal. *Page 5 
 {¶ 7} The City's assertion that the trial court lacked jurisdiction to hear Pesta's declaratory judgment claim regarding the constitutionality of R.C. Chapter 2744 is without merit.
 {¶ 8} In Cicco v. Stockmaster, 89 Ohio St.3d 95, 2000-Ohio-434, the Ohio Supreme Court recognized that R.C. 2721.12(A)[1] imposes a notice requirement on parties contesting the constitutionality of a statute in a declaratory judgment action filed pursuant to R.C. Chapter 2721. It held that in every such action, R.C. 2721.12(A) requires that the attorney general must be notified by service of the pleading in accordance with Civ.R. 4.1. Cleveland Bar Assoc. v. Picklo,96 Ohio St.3d 195, 2002-Ohio-3995, at ¶ 7. A court lacks jurisdiction to render declaratory relief if the requirements of R.C. 2721.12(A) are not met.Cicco at 100.
 {¶ 9} Although the City contends that Pesta never served the attorney general, the docket reflects both that the attorney general was served and entered a notice of appearance and reservation of rights. Accordingly, the trial court had jurisdiction to consider Pesta's claim for declaratory judgment that R.C. Chapter 2744 is unconstitutional on its face as a denial of the right to jury trial and "irrational" (sic) if applied to protect the City from liability under the facts and circumstances of *Page 6 
this case. Because the trial court did not dispose of Pesta's declaratory judgment claim, and made no finding that there "is no just reason for delay," we lack a final appealable order and thus do not have jurisdiction to hear this appeal.
Dismissed.
It is ordered that the parties share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] Under R.C. 2721.12(A), "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. * * * [I]f any statute * * * is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard. * * *" *Page 1