[Cite as *Banks v. Toledo*, 2023-Ohio-1906.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Taron D. Banks

Appellant

v.

City of Toledo, et al.

Appellees

Court of Appeals No. L-22-1202

Trial Court No. CI0201902553

**DECISION AND JUDGMENT**

Decided: June 2, 2023

* * * * *

Jerome Phillips, for appellant.

Dale R. Emch, City of Toledo Director of Law, Jeffrey B. Charles
Chief Litigation Attorney, and Tammy G. Lavalette, for appellee,
City of Toledo

Julia R. Bates Lucas County Prosecuting Attorney, John A. Borell, and
Kevin A. Pituch, Assistant Prosecuting Attorneys, for appellee,
Lucas County.

* * * * *

**ZMUDA, J.**

**{¶ 1}** Appellant, Taron A. Banks, appeals the August 12, 2022 judgment of the

Lucas County Court of Common Pleas, granting summary judgment in favor of

defendant/third-party plaintiff, the city of Toledo, granting summary judgment in favor of

third-party defendant, Lucas County, Ohio, and dismissing appellant's claims based on res judicata. On April 6, 2023, the Lucas County Prosecuting Attorney filed a motion to dismiss for lack of appellate jurisdiction. For the reasons that follow, we deny the motion to dismiss, and we reverse the trial court's judgment and remand for further proceedings on Banks' complaint.

## I. Facts and Procedural Background

{¶ 2} This is the second time we have considered matters related to Banks' claim to property, seized by police in 2018. We previously considered Banks' attempt to intervene in a civil forfeiture action, arising from the seizure, and found the trial court did not abuse its discretion in denying his motion to intervene as untimely. *See State v. Thomas,* 6th Dist. Lucas No. L-19-1108, 2021-Ohio-151.

{¶ 3} While Banks' current appeal is from a separate, civil matter initiated after his attempt to intervene in the forfeiture case, we reference the pertinent facts relative to both the forfeiture case and companion criminal proceeding, as addressed in *Thomas,* and the facts of the underlying civil case.

**A. The state initiates a civil forfeiture following execution of a search warrant, and then initiates criminal prosecution of the home's occupants, in Lucas Common Pleas case Nos. CI 201801393 and CR 201801792.**

{¶ 4} On January 31, 2018, the Toledo police executed a search warrant at property on Commonwealth Avenue, in Toledo, Ohio. Banks' sister, Tamika Banks lived at the home with her partner, Delano Thomas. Banks claims ownership of the home where his sister resides, and he also claims he stored his own property in the basement.

2.

Police seized personal property from the home, pursuant to the search warrant, including a vehicle, $152,553.00 in U.S. currency, and jewelry. Police took a large sum of money and jewelry from the rafters in the basement, where the property was found stashed in bags.

{¶ 5} On February 6, 2018, the state filed a complaint for civil forfeiture against Tamika Banks, Thomas, and Santander Consumer USA in Lucas Common Pleas case No. CI 201801393, alleging the personal property was used or derived from felony drug offenses. Thomas claimed ownership of the vehicle, and Santander Consumer filed an answer to the forfeiture complaint, admitting it financed Thomas' purchase of the vehicle.

{¶ 6} Months later, on May 2, 2018, Thomas was indicted by the Lucas County grand jury for drug-related offenses in Lucas Common Pleas case No. CR201801792.[1] At the state's request, the trial court consolidated the civil forfeiture action with the criminal case on May 23, 2018. The trial court then dismissed the forfeiture action, sua sponte, without prejudice.

{¶ 7} On October 1, 2018, Thomas entered a no contest plea, which was journalized on October 4, 2018. At the plea hearing, both Tamika Banks and Thomas disclaimed any interest in property seized from the home and signed a consent entry regarding forfeiture. Banks' counsel also appeared at the plea hearing, and he notified the trial court of a third party claiming ownership of the seized property as follows:

---

[1] The public record does not contain an indictment against Tamika Banks in the criminal case; it appears the indictment was sealed upon dismissal of the charge against her.

3.

There is a third party claiming the funds. I have notified the Prosecutor, and I will provide her with the documentation. Although there is a forfeiture it is my understanding the Prosecutor is going to hold that until we make our claim – the third party makes his claims for those funds and certain jewelry.

{¶ 8} On January 25, 2019, Banks filed a motion to intervene in the proceedings. The state opposed intervention, and on April 30, 2019, the motion to intervene was denied by the trial court as untimely. Banks appealed this decision.

{¶ 9} During the pendency of Banks' appeal, on June 12, 2019, the trial court in case No. CR 201801792 journalized the consent entry, signed at the time of Thomas' plea.

### B. Banks files a civil claim against the city to recover funds in Lucas Common Pleas case No. CI 201902553, and the city files a third-party complaint against the county.

{¶ 10} Banks filed his civil suit against the city of Toledo on May 24, 2019, in Lucas Common Pleas case No. CI 201902553, seeking a return of property seized by Toledo police. In his complaint, Banks alleged that police seized currency and gold jewelry pursuant to a search warrant, executed on January 31, 2018, at the Commonwealth Avenue address. He alleges he attempted to intervene in the Lucas County case No. CR 201801792, but was denied intervention. He further alleges the gold jewelry was returned to him, and although he provided the prosecutor's office with documentation to establish the source of the funds and his ownership of those funds, the

4.

city "has wrongfully retained the aforesaid property" resulting in damages "in excess of $152,553 and loss of interest income."

{¶ 11} Appellee, city of Toledo, filed its answer on July 1, 2019. The trial court delayed pretrial in the matter, pending decision in Banks' appeal regarding his motion to intervene in Lucas Common Pleas case No. CI 201801393.

{¶ 12} On January 22, 2021, we affirmed the trial court's denial of intervention in case No. CI 201801393, in *State v. Thomas,* 6th Dist. Lucas No. L-19-1108, 2021-Ohio-151. In considering the narrow issue of intervention, we determined Banks' "motion was untimely, but for reasons separate from the civil and criminal forfeiture statutes." *Thomas* at ¶ 19. We specifically noted the trial court's dismissal of the forfeiture proceeding, upon consolidation with the criminal case, as follows:

> We note the potential procedural quagmire created by the trial court in dismissing the forfeiture proceedings, sua sponte, prior to adjudicating that separate matter in the consolidated proceedings. Despite the consolidation of the criminal proceedings with the civil forfeiture proceedings, this dismissal ended the forfeiture case. After consolidation, each case retains its original identity, as the matters are not merged into a single case. *See Transcon Builders, Inc., v. City of Lorain*, 49 Ohio App.2d 145, 359 N.E.2d 715 (9th Dist.1976), at the syllabus; see also Lucas County Gen.R. 5.02(A) and (B) (referencing consolidated proceedings, and requiring transfer of a civil forfeiture case to the judge presiding over a

related criminal proceeding, with no provision for "merger" of the two, separate cases that are consolidated). As a practical matter, once the trial court dismissed the forfeiture proceeding, there was no longer a pending matter in which to intervene. *Id.* at ¶ 5, fn 1.

{¶ 13} In Banks' civil suit, the parties engaged in discovery relative to Banks' claims, and on July 15, 2021, the city took Banks' deposition. On August 26, 2021, the city sought leave to join "Lucas County/Ohio Prosecutor Law Enforcement Trust Fund" as a party to the suit. The trial court granted to motion to add parties. Although no pleading was filed, naming the Fund as a defendant, the clerk erroneously added the Fund as a defendant on the docket.[2]

{¶ 14} Banks and the city filed cross-motions for summary judgment. The city filed its motion on August 17, 2021. Banks filed opposition to the city's motion on September 30, 2021, and also filed his own motion for summary judgment on September 30, 2021. The parties completed briefing on the cross-motions on November 29, 2021.

{¶ 15} On October 4, 2021, the city filed a third party complaint, naming Lucas County, Ohio as third-party defendant. The city did not name the LCPA as a party, but instead, designated the LCPA as the party to be served on behalf of Lucas County, Ohio.

---

[2] Banks did not amend his complaint to add this new defendant, and no pleading was served, as required to initiate an action against this new defendant, as provided by the Rules of Civil Procedure. We find no applicable Rule that would permit a defendant, properly named and served in an action, to add an additional defendant to the plaintiff's complaint without perfecting service on the new party. It is clear, in this case, that the city's motion sought leave to file a third-party complaint, which was then filed on October 4, 2021.

6.

{¶ 16} The third-party complaint sought damages from Lucas County, Ohio, should Banks prevail on his claim for a return of the funds. The city alleged the county "instituted and successfully prosecuted the forfeiture action which is the basis of [Banks'] action." The city, accordingly, sought "judgment against Lucas County in any amount of money [Banks] ever recovers in this action, including attorney fees and costs, above and beyond the originally seized and forfeited funds themselves, in the event this Court finds [Banks] is entitled to receive the monies already ordered by this Court to be forfeited to the City of Toledo and Lucas County."

{¶ 17} On December 2, 2021, the county filed its answer, denying liability to the city, and a motion for summary judgment, addressing the claims of Banks against the city and addressing the city's third-party complaint against the county. On December 7, 2021, the city filed a response to the county's motion, concurring in the county's argument relative to the merits of Banks' claims, but opposing judgment in favor of the county regarding its liability, should Banks prevail. The city further noted that it retained the disputed funds and did not transfer any funds to the county.

**C. The trial court finds in favor of the city and Banks perfects his appeal.**

{¶ 18} On August 12, 2022, the trial court entered judgment on the cross-motions for summary judgment, against Banks and in favor of the city and county regarding Banks' complaint for damages. The trial court determined that the prior forfeiture proceeding, in which Banks was denied intervention, operated as res judicata to Banks'

7.

complaint to recover property. The trial court dismissed Banks' complaint against the city, and then dismissed the third-party complaint against the county as moot.

{¶ 19} Banks appealed this judgment, and argued in his appellant's brief that the trial court erred in finding his claims barred by the doctrine of res judicata. Banks asserted two assignments of error, as follows:

Assignment of Error No. 1:  The trial court erred by not determining compliance with Chapter 2981 before finding appellant's claims for relief barred by the doctrine of *res judicata*.

Assignment of Error No. 2: The trial court erred in finding appellant's claims for relief barred by the doctrine of *res judicata*.

{¶ 20} The city and county each filed their own appellee briefs, arguing the trial court properly determined the claims were barred by res judicata.  At oral argument, the county raised the issue of standing and jurisdiction for the first time in the appeal.  We deemed the matter submitted after oral argument on March 16, 2023.

{¶ 21} On April 6, 2023, after the matter was deemed submitted, the LCPA filed a motion to dismiss the appeal.  The LCPA argued that Banks lacks standing "to appeal the judgment entered against the LCPA so that the Court does not have jurisdiction to hear an appeal of that judgment[.]"

8.

## II. Analysis

{¶ 22} Prior to addressing the assigned errors on appeal, we consider the motion to dismiss, filed by the LCPA, challenging the jurisdiction of this court to proceed on Banks' appeal.

### A. Motion to dismiss is not properly before the court, having been filed by a nonparty to the appeal.

{¶ 23} The LCPA argues that Banks lacks standing to appeal "the judgment entered against the LCPA" and, as a result, this court lacks jurisdiction to hear "an appeal of that judgment[.]" Therefore, before considering Banks' assignments of error, "we must first determine if he has standing to raise them." *State v. Langston,* 6th Dist. Lucas No. L-12-1014, 2012-Ohio-6249, ¶ 7, citing *In re Foreclosure of Parcel of Land Encumbered with Delinquent Tax Liens*, 11th Dist. Lake No.2007–L–002, 2007–Ohio–4377, ¶ 8; *In re Forfeiture of John Deere Tractor*, 4th Dist. Athens No. 05CA26, 2006–Ohio–388, ¶ 10.

{¶ 24} "[A]n appeal lies only on behalf of an aggrieved party who must demonstrate that he has a present interest in the litigation and is prejudiced by the judgment appealed from." (Citations omitted) *Langston* at ¶ 8. Thus, a person must be a party to the case, or have attempted to intervene, in order to have standing to appeal from an adverse judgment. *Langston* at ¶ 13. Considering the record, Banks is an aggrieved party based on the judgment rendered against him, dismissing his civil complaint.

{¶ 25} Banks appeals the trial court's adverse decision on the cross-motions for summary judgment. Although Banks filed no claim against the county, the county filed its own motion for summary judgment against Banks, raising the city's defenses against

9.

Banks' complaint, as provided by Civ.R. 14(A) ("the third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim."). The interests of the city and the county were aligned in opposition to Banks' claims. Banks, accordingly, has a right to oppose the aligned interests of the city and the county in appealing the adverse judgment.

{¶ 26} The LCPA, however, is not a party in this litigation. Neither Banks nor the city named the LCPA as a party in the trial court, and the judgment on appeal does not involve the LCPA. Accordingly, the LCPA's motion to dismiss is not properly before this court. The motion, accordingly, is not well-taken.

{¶ 27} Having found Banks has standing to pursue his appeal, we address his assignments of error in turn.

### B. We review the trial court's application of the doctrine of res judicata de novo, as a question of law.

{¶ 28} The trial court granted summary judgment, finding the doctrine of res judicata barred Banks' claim for a return of property. We apply de novo review to a decision granting summary judgment involving only questions of law. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 29} "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." (Citation omitted) *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226, 228 (1995). In this case, the trial court determined that claim preclusion applied to bar suit.

10.

{¶ 30} The doctrine of res judicata is an affirmative defense, which must be timely raised. *State v. Holloway,* 6th Dist. Wood No. WD-20-021, 2021-Ohio-1843, ¶ 31-32. Both the city and county asserted this affirmative defense in their responsive pleading. In finding claim preclusion and granting judgment based on application of the doctrine of res judicata, the trial court resolved a question of law. We therefore review the trial court's judgment regarding claim preclusion, de novo. (Citations omitted) *Miller v. Miller,* 6th Dist. Sandusky No. S-12-035, 2013-Ohio-5071, ¶ 18.

### 1. The trial court did not adjudicate Banks' claims under R.C. Chapter 2981, and therefore his civil suit to recover property was not barred by operation of the forfeiture statutes.

{¶ 31} In his first assignment of error, Banks argues the trial court erred in finding claim preclusion without first determining the claims were actually adjudicated under the forfeiture statute, R.C. Chapter 2981. The city and county, however, maintain it was Banks who failed to comply with the statute.

{¶ 32} Claim preclusion bars a subsequent action on "any claim arising out of a transaction that was the subject matter of a previous action," by the same parties or those in privity. *Holloway,* 6th Dist. Wood No. WD-20-021, 2021-Ohio-1843, ¶ 31, citing *State ex rel. Nickoli v. Erie MetroParks,* 124 Ohio St.3d 449, 2010-Ohio-606, 923 N.E.2d 588, ¶ 21; *see also Brown v. State,* 2019-Ohio-4376, 147 N.E.3d 1194, ¶ 33 (6th Dist.), citing *O'Nesti v. DeBartolo Realty Corp.,* 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. Claim preclusion also bars subsequent suit on claims that could have been litigated in the prior suit, but were not, requiring a plaintiff to pursue all claims in

11.

the first suit, "or be forever barred from asserting it." *Brown* at ¶ 33, citing *O'Nesti* at ¶ 6 (additional citation omitted).

> Application of res judicata requires four things: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence."

*Brown* at ¶ 20, citing *Reasoner v. Columbus*, 10th Dist. Franklin No. 04AP-800, 2005-Ohio-468, ¶ 5.

{¶ 33} In this case, the trial court found claim preclusion barred Banks' suit in case No. CI 201902553. The trial court determined Banks' claim arose "out of the same transaction or occurrence as the forfeiture action consolidated with CR 2018-1792; both matters arose at the seizure of $152,553.00 from Tamika Banks' residence." The trial court also determined that Banks could have litigated his claim to the property in the forfeiture case, noting his untimely attempt to intervene. Finally, the trial court noted that Banks was not a named party in the forfeiture proceedings, but "had an interest in that case and was statutorily permitted to intervene and assert that interest pursuant to R.C. 2981.04(E)."

{¶ 34} "We have held that the Chapter 2981 forfeiture statutes must be strictly construed and applied." *Erie Cty. Sheriff's Office v. Lacy*, 6th Dist. Erie No. E-14-022, 2015-Ohio-72, ¶ 20. The city and county argue that Banks failed to comply with the

12.

statute by not timely seeking intervention. The city and county, however, ignore the fact that the trial court dismissed the civil forfeiture action in case No. CI 201801393, without prejudice, on May 16, 2018. With no pending civil forfeiture, Banks filed a motion to intervene in a non-existent case on January 24, 2019.

{¶ 35} While we affirmed the trial court's denial of intervention in *Thomas,* based on consideration outside the civil and criminal forfeiture statutes, we noted the procedural issue created by the trial court's dismissal. *Thomas,* 2021-Ohio-151, at ¶ 5, fn 1; ¶ 19. Despite the consolidation of the criminal proceedings with the civil forfeiture proceedings, the trial court's dismissal ended the forfeiture case, as consolidation did not create one merged case, but instead created a consolidated case with each individual case retaining its original identity. *See Transcon Builders, Inc., v. City of Lorain*, 49 Ohio App.2d 145, 359 N.E.2d 715 (9th Dist.1976), syllabus; see also Lucas County Gen.R. 5.02(A) and (B) (referencing consolidated proceedings, and requiring transfer of a civil forfeiture case to the judge presiding over a related criminal proceeding, with no provision for "merger" of the two, separate cases that are consolidated).

{¶ 36} The dismissal, moreover, deprived the trial court of jurisdiction over the forfeiture proceeding. *See Infinite Sec. Solutions, LLC v. Karam Properties II, Ltd.,* 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, ¶ 22 (noting a court loses jurisdiction upon dismissal, with an exception for enforcing a settlement agreement if a court properly retains jurisdiction after dismissal). Additionally, it is well-settled law that, after a dismissal without prejudice, "*the action is treated as though it had never been*

13.

*commenced*." (Emphasis sic.) (citation omitted) *Infinite Sec. Solutions, LLC v. Karam Properties I, Ltd.,* 2013-Ohio-4415, 2 N.E.3d 297, ¶ 18 (6th Dist.). Finally, "a dismissal without prejudice constitutes an adjudication other than on the merits and prevents the dismissal from having res judicata effect." (Citations omitted) *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 10.

{¶ 37} Absent a pending forfeiture proceeding, as provided by statute, the trial court could not adjudicate any of Banks' claims under R.C. Chapter 2981. Appellees appear to acknowledge this fact, as they note the forfeiture in the criminal proceeding was effectuated by a plea agreement. "When property is forfeited through a plea agreement, the forfeiture is 'not "effectuated by operation of the statutory provisions governing forfeiture of contraband, but rather by the parties' agreement."'" (Citations omitted.) *State v. Glanton*, 6th Dist. Wood No. WD-18-091, 2020-Ohio-834, ¶ 15. Accordingly, *the defendant* in the criminal case consented to forfeiture and *the defendant* had "no legally protected interest vis-à-vis [R.C. Chapter 2981]." *Glanton* at ¶ 16. Banks was not a party to the plea agreement.

{¶ 38} Considering the acknowledged facts, that the forfeiture was dismissed without prejudice and forfeiture was instead part of the plea agreement and not pursuant to statute, the trial court incorrectly applied the doctrine of res judicata based on operation of R.C. Chapter 2981. Simply put, after dismissal of the statutory forfeiture action, Banks had an interest but no statutory mechanism to intervene in a non-existent forfeiture proceeding under R.C. Chapter 2981. The trial court, accordingly, erred as a

matter of law in finding the doctrine of res judicata applied to Banks' civil claim based on his failure to preserve his interest within the statutory forfeiture action.

{¶ 39} Therefore, we find Banks' first assignment of error well-taken.

**2. A prior ruling on intervention did not preclude Banks' civil suit to recover the seized property.**

{¶ 40} In his second assignment of error, Banks argues that the denial of intervention in case No. CI 201801393 had no res judicata effect on his civil claim to recover property in case No. CI 201902553. In support, Banks notes that the civil forfeiture case was filed and then dismissed on May 23, 2018, prior to adjudication of the criminal proceeding. The issue of intervention, moreover, was limited to timeliness and did not address the merits of Banks' third-party claim to the property.

{¶ 41} The trial court did not adjudicate Banks' third-party claim, within the consolidated criminal proceeding or within the framework of R.C. Chapter 2981. While arguing res judicata based on a failure to assert any claim, the appellees simultaneously argue Banks waited too long under the statute to assert his interest and that the trial court entered forfeiture pursuant to a plea agreement, not under the statute. The law clearly provides that the defendant in the criminal matter, who executed the plea agreement, waived all interest in the property. *Glanton* at ¶ 16. However, appellees would extend that law further, arguing that, based on claims of Banks' privity to the defendant, Banks also waived his interest to the property by not making his interest known at the time of the plea.

15.

**{¶ 42}** Privity "is a somewhat amorphous concept in the context of claim preclusion." *O'Nesti v. DeBartolo Realty Corp.,* 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 9, citing *Kirkhart v. Keiper,* 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8 (additional citation omitted.). Once, privity existed only where a person succeeded to the interest of another or had the right to control proceedings or assert a defense in the original proceeding. *Id.,* citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 114, 254 N.E.2d 10 (1969), *overruled in part on other grounds, Grava,* 73 Ohio St.3d 379, 653 N.E.2d 226. Privity now may be established by an "interest in the result of and active participation in the original lawsuit." *O'Nesti* at ¶ 9*,* citing *Whitehead* at 114. Individuals sharing identical legal claims and seeking identical, rather than "individually tailored results" may also be deemed as having privity. *Id.,* citing *Brown v. Dayton*, 89 Ohio St.3d 245, 248, 730 N.E.2d 958 (2000).

**{¶ 43}** Here, the trial court found privity based on Banks' purported interest in the forfeiture case and the fact he "was statutorily permitted to intervene and assert that interest pursuant to R.C. 2981.04(E)." R.C. 2981.04 addresses third-party claims to property subject to forfeiture, and provides:

> (C) If the court enters a verdict of forfeiture under this section, the court imposing sentence or disposition, in addition to any other sentence authorized by section 2951.041 or Chapter 2929. of the Revised Code or any disposition authorized by Chapter 2152. of the Revised Code, shall order that the offender or delinquent child forfeit to the state or political subdivision the

16.

offender's or delinquent child's interest in the property. ***The property vests with the state or political subdivision subject to the claims of third parties***. The court may issue any additional order to affect the forfeiture, including, but not limited to, an order under section 2981.06 of the Revised Code.

(D) ***After the entry of a forfeiture order under this section, the prosecutor shall attempt to identify any person with an interest in the property subject to forfeiture*** by searching appropriate public records and making reasonably diligent inquiries. The prosecutor shall give notice of the forfeiture that remains subject to the claims of third parties and proposed disposal of the forfeited property to any person known to have an interest in the property. The prosecutor also shall publish notice of the forfeiture that remains subject to the claims of third parties and proposed disposal of the forfeited property once each week for two consecutive weeks in a newspaper of general circulation in the county in which the property was seized.

(E)(1) Any person, other than the offender or delinquent child whose conviction or plea of guilty or delinquency adjudication is the basis of the forfeiture order, who asserts a legal interest in the property that is the subject of the order may petition the court that issued the order for a hearing under division (E)(3) of this section to adjudicate the validity of the person's alleged interest in the property. All of the following apply to the petition:

(a) It shall be filed within thirty days after the final publication of notice or the person's receipt of notice under division (D) of this section.

(b) It shall be signed by the petitioner under the penalties for falsification specified in section 2921.13 of the Revised Code.

(c) It shall describe the nature and extent of the petitioner's interest in the property, the time and circumstances of the petitioner's acquisition of that interest, any additional facts supporting the petitioner's claim, and the relief sought.

(d) It shall state that one of the following conditions applies to the petitioner:

(i) The petitioner has a legal interest in the property that is subject to the forfeiture order that renders the order completely or partially invalid because the legal interest in the property was vested in the petitioner, rather than the offender or delinquent child whose conviction or plea of guilty or delinquency adjudication is the basis of the order, or was superior to any interest of that offender or delinquent child, at the time of the commission of the offense or delinquent act that is the basis of the order.

R.C. 2981.04(C)-(E).

{¶ 44} As previously noted, there was no pending forfeiture and, therefore, the trial court did not enter forfeiture under the statute. Instead, the parties on appeal appear to agree that the defendant in the criminal case forfeited any interest in the property

pursuant to a plea agreement. Had the matter proceeded under the statute, the prosecutor would have been obligated to "attempt to identify any person with an interest" in the property "[a]fter the entry of a forfeiture under this section." R.C. 2981.04(D). Banks, moreover, would have been permitted to "petition the court that issued the order for a hearing under division (E)(3) of this section to adjudicate the validity of the person's alleged interest in the property." Because the trial court dismissed the forfeiture proceeding under R.C. Chapter 2981, and the trial court entered forfeiture pursuant to a plea agreement with Thomas, no third-party claims were addressed in the criminal proceeding.

{¶ 45} We considered this process in *State v. Brimacombe,* 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042 (6th Dist.), a case in which a third-party sought return of property ordered forfeited by the trial court at sentencing. In *Brimacombe,* the state charged Brimacombe with rape and sexual battery, and ordered him to "surrender all weapons and guns owned by him to the Sylvania Police Department" as a condition of his release on bond. *Id.* at ¶ 3. Brimacombe entered a guilty plea to one count of rape, and at sentencing, the prosecutor asked the court to order the surrendered weapons destroyed. *Id.* at ¶ 4.

{¶ 46} Counsel for Brimacombe's family appeared at the sentencing hearing, and objected to destruction of the weapons. Counsel informed the court, that while Brimacombe had a firearms disability, counsel would sell the weapons to provide for

Brimacombe's family, as the weapons had significant monetary value. *Id.* at ¶ 27. The trial court denied the request and ordered the weapons destroyed. *Id.* at ¶ 30.

{¶ 47} On appeal, Brimacombe challenged the de facto forfeiture without regard for the statutory procedure. *Id.* at ¶ 31. In addressing this challenge, we noted:

As a general matter, forfeitures of property are not favored under Ohio law. *State v. Lilliock* (1982), 70 Ohio St.2d 23, 25, 24 O.O.3d 64, 434 N.E.2d 723; *State v. Clark*, 173 Ohio App.3d 719, 2007-Ohio-6235, 880 N.E.2d 150, ¶ 8. "Whenever possible, [applicable-forfeiture] statutes must be construed so as to avoid a forfeiture of property." *Lilliock* at 26, 24 O.O.3d 64, 434 N.E.2d 723. Thus, a forfeiture will not be presumed. Moreover, statutes "in derogation of private property rights" are strictly construed against the state. *Id*. *See also State v. Rogers*, 5th Dist. No. CT2010–0013, 2010-Ohio-5543, 2010 WL 4621516, ¶ 26. Here, the seven firearms at issue were surrendered to the Sylvania Police Department as one of the conditions of the court's order by which Brimacombe secured his pretrial release. Also, neither party disputes that as a putative felon then under indictment, Brimacombe fell within the legal disability of R.C. 2923.13(A)(2). Thus, from penal interest as well, he was compelled immediately to divest himself of their possession. However, a strict construction against forfeiture precludes construing those reasons for surrendering the firearms as a basis for forfeiture.

Effective July 1, 2007, the former statutes regulating the disposition of property seized and held by a law-enforcement agency, such as R.C. 2933.41 and 2933.43, were repealed. The General Assembly replaced them with a significantly different and comprehensive scheme under R.C. Chapter 2981. *See State v. Cruise*, 185 Ohio App.3d 230, 2009-Ohio-6795, 923 N.E.2d 702, ¶ 6. R.C. 2981.01 through 2981.14 now define and establish the mandatory procedures for the forfeiture of property involved in, or relating to, certain offenses. They also delineate the notice requirements, procedures, and hearings for adjudicating the validity of interests asserted by third persons and for reviewing the proportionality of a particular forfeiture in relation to the value of the property involved. See R.C. 2981.03, 2981.04(D) through (G), 2981.05(B) and (C), and 2981.09; *State v. Jamison*, 2d Dist. No. 23211, 2010-Ohio-965, 2010 WL 892082, ¶ 29; *State v. Clark*, 173 Ohio App.3d 719, 2007-Ohio-6235, 880 N.E.2d 150, ¶ 14.

To pursue forfeiture of an offender's property, Chapter 2981 creates both a criminal process under R.C. 2981.04 and a civil process under R.C. 2981.05. R.C. 2981.03(F) allows the prosecutor to elect either process. Where the commission of an offense has entitled a law-enforcement agency to seize and hold "property subject to forfeiture," that section also mandates that if "a criminal forfeiture has not begun under section 2981.04 * * *, the

prosecutor * * * shall commence a civil action to forfeit that property under section 2981.05[.]" Id. (Emphasis added.)

*Brimacombe* at ¶ 32-34.

{¶ 48} In considering the requirements under the forfeiture statutes, we further noted "certain portions of several of these statutes are directly relevant to resolving the forfeiture issue in this appeal." *Id.* at ¶ 35.

> Two of the purposes of R.C. Chapter 2981 are:
>
> " * * *
>
> "(2) To ensure that seizures and forfeitures of instrumentalities are proportionate to the offense committed;
>
> "(3) To protect third parties from wrongful forfeiture of their property[.]" R.C. 2981.01(A).

*Brimacombe* at ¶ 36-39. Upon consideration of the mandatory notice and the "similarly mandatory" "procedures, rights, and obligations of the parties in pursuing or defending against forfeiture, and the rights of third parties with an alleged interest in the property (and the procedure for adjudicating their claims)," we found the trial court's "de facto forfeiture" did not comply with the statutory requirements. *Id.* at ¶ 65-66.

{¶ 49} In *Brimacombe,* we found "no attempt at all to initiate forfeiture under either the criminal or civil process." *Id.* at ¶ 66. We further found that "[e]ven when a valid forfeiture has been accomplished with respect to the *offender's* ownership or possessory interest, R.C. 2981.04(C) states that '[t]he property vests with the state or

22.

political subdivision *subject to the claims of third parties.*" (Emphasis sic.) (citation omitted) *Brimacombe* at ¶ 69. We reversed and remanded for consideration of the third-party claim.

{¶ 50} In this case, forfeiture was effectuated by plea agreement, without a pending forfeiture action and without complying with R.C. Chapter 2981. Thus, without the statutory framework to determine Banks' third-party claim, appellees fail to identify a prior, final decision on the merits as to this third-party claim. The only decision, involving Banks, denied his attempt in 2019 to intervene in case No. CI 201801393, a case the trial court had dismissed without prejudice on May 16, 2018. As a result, appellees may not rely on the provisions of R.C. Chapter 2981 to demonstrate Banks' attempt to intervene as untimely, and therefore statutorily barred, when the trial court proceeded with a forfeiture by plea agreement in lieu of the statutory process.

{¶ 51} We recognize that the lack of a forfeiture proceeding complicates the issues for the city, and therefore the county as third-party defendant relative to Banks' civil claim for return of the property. Nevertheless, as we recently noted in *State v. Grace,* 2023-Ohio-165, 205 N.E.3d 1255, ¶ 11 (6th Dist.), "[i]n the absence of a legal justification and due process, the government cannot simply take [a person's] money."

{¶ 52} Here, there is no process in the record of the criminal proceeding that permitted Banks' to seek redress. Additionally, the evidence of privity, as determined by the trial court, relies on application of the forfeiture statutes despite the fact that no statutory forfeiture proceeding was maintained and adjudicated as to Banks' claims. The

23.

record of Banks' case demonstrates notice of a third-party claim to the property at the time of the plea hearing in the criminal matter, and although Banks is not named in the record, his trial counsel indicated – on the record – that documentation was produced to the prosecutor supporting the third-party claim.

{¶ 53} Because no statutory forfeiture was adjudicated as to any person, and only the signatories to the plea agreement consented to forfeiture by plea agreement, the trial court erred by relying on the statutory notice provisions to find Banks had waived any interest to the property pursuant to the plea agreement. Therefore, genuine issues of fact remain as to the merits of Banks' claims alleged in case No. CI 201902553. In sum, Banks' claims are not barred by a prior adjudication, and the trial court erred in dismissing those claims based on application of res judicata.

{¶ 54} Accordingly, Banks' second assignment of error is well-taken.

### III. Conclusion

{¶ 55} Based on the foregoing, we reverse the judgment of the Lucas County Court of Common Pleas, and remand the matter for further proceedings in Lucas County case No. CI 201902553. Appellees are ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.

Gene A. Zmuda, J.

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.